Bissell, P. J.
This action was based on an alleged contract between Meyers and the state board of agriculture, whereby Meyers *501 as he alleges was employed by the board to serve as instructor at a state institution, at an agreed price, and for the term of one year. According to his complaint he entered on the performance of his agreement on the 1st of July, 1896, and continued until the 21st day of December, when he was wrongfully discharged. He then brought this suit to collect his compensation for the balance of the year. Since this opinion will decide no issue, and in no manner determines the justice of the plaintiff’s claim or the sufficiency of the board’s defense, we shall be content with a very brief statement of our conclusion.
The suit was begun on the 8d of July, 1897, and the summons returned duly served. After the service and before the time for answering had expired, DuBois, who was the secretary of the board applied to the attorney for the plaintiff Meyers for time to answer, stating that there could be no meeting of the executive committee within the statutory period, the president was absent, and there was no person with authority to employ counsel for the purposes of defense, or to decide what course should be taken with reference to the suit. The conversation was over the telephone and the sole dispute respects the terms of the stipulation then entered into. The executive committee was expected to meet about the last of July, somewhere from the 27th to the 30th, and possibly the chief executive officer was then to retu rn. It is admitted some stipulation was entered into between the attorney and DuBois. Subsequently default was taken, and judgment entered on the 31st of July. Within a few days an application was made to set aside the default based on an affidavit made by DuBois, setting up his version of the negotiation. From it, it appears he understood from the attorney, that the board should have until after the executive committee should meet and determine what course should be taken and employ an attorney to represent them, and that the answer could then be filed, there being no fixed date within which this should be done, although the issue should be tendered and the case ready for trial at the September term. On the other hand, *502 the attorney insisted the stipulation was that the answer should be filed by the 30bh, a definite fixed date, beyond which the extension did not go. Both sides made their showing simply by these two affidavits, for they were the only parties having knowledge. The court denied the motion and entered the judgment from which the board prosecutes this appeal.
"We, of course, concede-the general accuracy of some of the propositions on which counsel for the appellee insist, viz, that these matters of discretion are ordinarily not reviewable by appellate tribunals, and unless there is a manifest abuse of discretion the orders made in the exercise of it will be confirmed. While this is true, we do not believe this is a case wherein the trial court exercised a wise discretion in the determination of the motion. It is very evident to our minds there ivas an honest mistake, and that the failure to answer or take some steps for the protection of the rights.of the board was not neglect on the part of the secretary, but came from a misunderstanding. We are quite well satisfied the attorney was honest in his procedure and that he was warranted in taking a default and subsequently entering a judgment. As we have however said before, in a case of a similar description, “ neglect which arises from reliance placed by a party upon assurances given by the opposite counsel, is excusable within the meaning of the law,” and in this case we are quite clear the secretary relied on the assurance but was mistaken as to the tenor and the terms of the stipulation. Directory Co. v. App et al., 4 Colo. App. 350.
It is likewise insisted by counsel that there is no such affidavit of merits as would warrant the setting aside of the verdict. We are not willing to concede, at least to the extent to which counsel go in their argument, the necessity of an affidavit of merits in order to entitle a parly to relief in a case of excusable neglect. This rule prevails in some jurisdictions, either under a statute or a well settled practice, but we are not advised that Ave have such an established rule in this jurisdiction. Such an affidavit has not been declared *503 a necessity, though we believe the better practice in trial courts would be to both require and present them. The affidavit is attached for want of substance, but while it may be a little inartificial in form we find within it a substantial compliance with the requirements of the practice in those states where such an affidavit is prerequisite as a basis for a motion to set aside a default.
Believing that the court erred and that this institution which is a public one, spending public moneys for the purposes of its support and maintenance, ought to have the' right to litigate the question or its liability, and that the plaintiff ought to be compelled to prove his case before he can draw upon public funds, we shall reverse this judgment, and send the case bach for trial on such issues as may be legitimately presented by way of defense.

Reversed.