[No. 5231.]
[No. 2852 C. A.]

### ELLIOTT ET AL. v. QUINN.

**Practice in Civil Actions — Judgments — Default — When Set Aside.**

A default judgment should be set aside in a case where the defendant tenders an answer averring a good defense, and where it further appears that the failure to answer in time was not owing to the defendant's neglect, but was the result of a misunderstanding between counsel.—P. 331.

*Appeal from the County Court of Arapahoe County.*
*Hon. Ben B. Lindsey, Judge.*

Action by Eliza Quinn against A. J. Elliott and Thomas Moore. From a judgment for plaintiff, defendants appeal.      *Reversed.*

Messrs. GOUDY & TWITCHELL, for appellants.

Mr. WM. T. ROGERS, Mr. JOHN F. MAIL, and Mr. FRANK W. BARRY, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

On May 3, 1902, a demurrer to the complaint was overruled by the judge of the county court of Arapahoe county, and the defendants were given ten days to plead. The defendants' counsel were served with notice, and on July 1st the trial was set for July 24th. On July 25th, the defendants not appearing, the court heard the cause and rendered judgment against the defendants in the sum of $870.00. Thereafter the defendants moved to set aside the judgment upon the ground that it was entered through inadvertence and mistake, and in fraud of the rights of the defendants, and contrary to the understanding of the attorneys for the parties. The motion was supported by affidavits, and at the hearing thereof the testimony of plaintiff's counsel was taken. The court denied the motion.

After the demurrer was overruled, the parties undertook to make a settlement of the controversy, and several interviews between counsel occurred. Finally, counsel for plaintiff served defendants' counsel with notice that he would move to have the case set for trial. Counsel for defendants say that the notice was given to induce the defendants to make a settlement, and that it was agreed that the case would not be tried without further notice. Counsel for the plaintiff, on the other hand, states positively that no such agreement existed, and that he informed counsel for defendants that he would serve notice to set the case for trial, and that if an answer was filed he would take no advantage of the time of filing it; but that his client was insisting upon some disposition being made of the case, and that if the defendants did not take some step after the notice, it would indicate that they had abandoned all defenses. With the motion and affidavits the defendants filed an answer which avers a perfect defense.

The husband of the plaintiff (appellee here) had given a chattel mortgage upon certain cattle. The mortgagees, upon default, had replevied the cattle, and, no bond having been given, the sheriff at the expiration of forty-eight hours delivered them to the plaintiff in replevin. Thereafter this action was brought to recover damages for the alleged conversion of the cattle.

The affidavits show that the defendant Moore was not a member of the firm that owned the mortgage and brought action in replevin, and that the defendant Elliott is the person who, as sheriff, executed the writ of replevin.

We shall not undertake to determine whether counsel did or did not serve the notice mentioned for the mere purpose of inducing the parties to take action with reference to the proposed compromise. Indeed, no court should be required to pass upon such questions, and it is because of the probable embarrassment to courts and counsel that courts usually adopt a rule declaring that oral stipulations and agreements will not be recognized.

The case most nearly like this, called to our attention, is *State Board of Agriculture v. Meyers,* 13 Colo. App. 500. In that case counsel for the plaintiff and the secretary of the defendant entered into an agreement with reference to the time of filing the answer. There was a misunderstanding; the plaintiff's counsel claiming that the agreement required the filing of the answer at one time, the secretary claiming that it was agreed that it might be filed at a later day. The plaintiff took judgment by default; the court declined to set it aside, and, upon review, the court of appeals reversed the judgment. President Judge Bissell, in the course of the opinion, says:

"It is very evident to our minds there was an honest mistake, and that the failure to answer or take some steps for the protection of the rights of the board was not neglect on the part of the secretary, but came from a misunderstanding. * * * As we have, however, said before, in a case of a similar description, 'neglect which arises from reliance placed by a party upon assurances given by the opposite counsel, is excusable within the meaning of the law,' and in this case we are quite clear the secretary relied on the assurance but was mistaken as to the tenor and terms of the stipulation.—*Directory Co. v. App et al.,* 4 Colo. App. 350.''

The affidavits state that the mortgagees and plaintiff in the replevin action are insolvent. This fact will account for the indifference of the mortgagees shown by the affidavits in defending the suit, and if they were alone involved there would be no valid reason for opening the case. But the sheriff, being a public officer, and being required to serve the writ of replevin, should, we think, have been afforded an opportunity to make a defense. The court erred in not doing this, and we are of opinion that the case made by the defendants Elliott and Moore upon the motion to set aside the judgment was sufficient in law to require the court to open the case. It clearly appears that the failure to defend the case was not neglect, but was the result of a misunderstanding on the part of counsel for the defendants. This brings the case within the rule announced in the 13th Colorado Appeals, and we shall, upon the authority of that decision, reverse this case.

*Reversed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.