## No. 9995.

### THE CAPITOL PETROLEUM CO., ET AL. *v.* PINE.

Decided March 7, 1921.

Action against a corporation for alleged conversion of dividends. Judgment for plaintiff by default.

### Reversed.

### On Application for Supersedeas.

1. JUDGMENT—*Default*—*Vacation.* Where defendants within time filed an answer stating a good defense, and judgment by default was entered against them, it was error to overrule a motion to vacate the judgment on the grounds that it was taken through a mistake, inadvertence, surprise and excusable neglect, the motion being supported by affidavit showing facts establishing such grounds.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Messrs. QUAINTANCE, KING & QUAINTANCE, Mr. W. B. KING, for plaintiffs in error.

Mr. EVERETT OWEN, for defendant in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action against a corporation and one of its officers for damages for an alleged conversion of a dividend. The record shows that on September 30, 1920, the cause was "regularly reached for trial according to previous assignment." The defendants did not appear at the trial. The plaintiff gave his evidence, and obtained judgment.

On October 8, 1920, the defendants filed a motion in arrest of judgment, chiefly upon the ground that the complaint does not state a cause of action. The motion was overruled. On December 8, 1920, the defendants filed a

motion to vacate the judgment, on various grounds, one of which is:

"That said default and said judgment were taken against defendants and each of them through a mistake, inadvertence, surprise, and excusable neglect."

This motion also was overruled. The defendants bring the cause here for review, and the same is before us upon their application for a supersedeas.

Error is assigned to the overruling of the motion to vacate the judgment.

Section 81 of the Code of Civil Procedure of 1908 provides, among other things, that the court may relieve a party from a judgment taken against him "through mistake, inadvertence, surprise or excusable neglect." The motion in question was based, principally, upon the ground thus provided for, and was supported by the affidavit of the counsel for defendants, showing facts establishing such ground. The cause was tried at 10 o'clock A. M. The affidavit alleges that it was the understanding of counsel for defendants, as the result of a conversation had with the attorney for plaintiff, that the case would not be reached until 2 o'clock P. M. of the day of the trial. Such a misunderstanding is a circumstance which is sufficient to entitle a party to relief under the code provision hereinbefore cited. *State Board of Agriculture v. Meyers,* 13 Colo. App. 500, 58 Pac. 879; *Elliott v. Quinn,* 40 Colo. 328, 90 Pac. 607; *Gumaer v. Bell,* 51 Colo. 473, 119 Pac. 681; *Burlington Co. v. Fort Morgan Co.,* 59 Colo. 571, 151 Pac. 432. In the case last cited, this court said:

"It is well settled that a motion of this kind is addressed to the sound discretion of the court, but it is as well established that the statute under which the motion was filed is to be construed liberally, so as to promote substantial justice."

In the instant case the defendants had filed within time their answer to the complaint, stating a good defense. Furthermore, the motion to vacate the judgment was accompanied by an affidavit stating a meritorious defense.

Under the facts disclosed by the record, it was error to overrule the motion to vacate the judgment. This conclusion is supported by the reasoning of the cases above cited.

The judgment is reversed, and the cause remanded with directions to proceed as herein indicated.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.