No. 12,204.

Mosco *v*. Jeannot et al.

Decided November 25, 1929.

Mr. Angelo F. Mosca, for plaintiff in error.

Mr. George H. Blickhahn, for defendants in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

The amended complaint alleges that of the numerous defendants, R. O. Jeannot and William Inglis agreed to hold and manage a contest for the benefit and use of a number of merchants of the town of Walsenburg. With whom these two men made this contract is not alleged.

Subsequent to the commencement of the contemplated contest and before its termination, certain other business men and corporations entered into the arrangement. The object the parties had in view was to increase the business and furnish advertising to the merchants who participated in the contest. These merchants were bound to give votes to those who entered the contest, and the votes that were "required" and were to be deposited in a ballot box located in a certain place, with the name of a contestant submitted or endorsed on each slip of paper representing the votes obtained from a merchant who entered into the contest on a cash purchase or on a payment of account. The contestant obtaining the largest number of votes in the ballot box was to be presented with a prize consisting of a "52" Chrysler two-door sedan and was to be designated the winner of the prize and his or her name was to be announced as winner at two different theatres in Walsenburg, and was to be published in a newspaper of the town. All these things were to be done to bestow honor and distinction on the winner and to indicate and announce to the public that such contestant had obtained the highest number of votes and had won the prize. The promoters of this enterprise and all the merchants who entered the contest promised to award to the contestant obtaining the highest number of votes this automobile and to give to him or her a bill of sale thereof.

The defendants Jeannot and Inglis, together with Ralph Johnson, who was appointed by them as secretary, supervised the contest and had the exclusive control over the custody of the ballot box and the votes deposited therein. Johnson had the exclusive power of counting the votes and submitting the totals at the end of contest hours on Saturday and Monday for publication in the newspaper, as well as the power and duty of determining the winner on the votes cast. It was likewise his duty to cause notice to be published in the newspapers.

Anna Mosco is a minor, and she appears by her next

friend in this litigation as plaintiff against the promoters and merchants concerned. She was permitted to enter the contest and she alleges that she thereafter worked to obtain votes in pursuance of the rules governing the same, and at the close of the contest, as provided by such rules and regulations, she had deposited between nine and ten million votes in the ballot box, and no other contestant obtained or deposited a greater number than this, but, on the contrary, no other contestant received as many votes as she did. She says, therefore, that she was entitled to win, and did win, this automobile, but, notwithstanding the same, she alleges that the defendants Jeannot, Inglis and Johnson awarded the automobile to Felix Martinez, one of the defendants herein, which was contrary to the rules of the contest, and that Felix Martinez claims this automobile as his prize and property under the award, and has made a demand for its possession and for a bill of sale of it from the Furphy Brothers Garage, which is one of the defendants and holds possession. Plaintiff says that she entered the contest because of the honor, distinction, glory and popularity of being declared a winner if she received the largest vote; that the intrinsic value of this automobile is insignificant compared to the value of such honor, distinction and popularity that would come to her as the recipient of the largest number of votes cast. She says that she has suffered, and will continue to suffer, irreparable injury in popularity, honor and distinction by the refusal of Jeannot, Inglis and Johnson to award to her the prize, and that the injury cannot be compensated in damages. There are other and redundant allegations to the same effect and to the further effect that there has been an unlawful conspiracy on the part of the defendants, or some of them, to deprive her of the honor and popularity which has come to her as the recipient of the votes.

She further alleges that the defendants who have injured her have no property, and cannot be held responsible for the money damages that she sustained. Notwith-

standing which allegation she demands against them a judgment in the sum of $5,000. There are other allegations to the effect that unless the court issues an injunction forbidding the same, the Furphy Brothers Garage will execute and deliver to Felix Martinez a bill of sale of the sedan in question. The prayer of the complaint is for $5,000 exemplary damages, for a temporary injunction pending the trial to restrain any delivery of the automobile to any one except to herself, for costs of the suit, and any further relief which to the court might seem just and equitable to the plaintiff in addition to the specific relief which she demands. She also asks for a body judgment against Jeannot, Inglis, Johnson and Martinez because of the fraud, corruption and malice they have been guilty of in the reckless and willful disregard of her rights and feelings.

This statement of the contents of the plaintiff's pleading has been made partly to illustrate the supposed theory upon which the suit was brought as well as to show that plaintiff, in one complaint, has sought legal and equitable relief from some of the defendants and imprisonment of others.

The court sustained the defendants' demurrer to the complaint and dismissed the action. Not all of the defendants have filed any pleading in the case. Jeannot, Inglis, Johnson and Martinez have filed an answer denying all the charges made against them or any of them. Some of the defendants have filed, in connection with their answer, a bill of "interpleader." Rarely, if ever, have we had occasion to examine such a mass of irregular pleadings and assembling of documents which it would not be easy to characterize. The plaintiff says that the action is one for injunction and specific performance of a contract. We are not informed who are the parties to this contract, or what the contract was, further than that what might be inferred from the summary of the complaint. Plaintiff says that this is an action for injunction and specific performance and it lies for the reason

that this Chrysler car has a sentimental, unique and rare value for her; that it has distinctive marks that set it aside from all other cars, but does not say what these marks of distinction are. The prize, she says, has peculiar and sentimental value and there is a total impossibility to estimate adequately the loss that she would sustain if it was not awarded to her. She says she entered this contest for honor, distinction and glory and being declared the winner of this automobile which was given as the price for the votes she received. If so she could very readily bring an action to recover possession of this automobile, and if she is entitled to it the prize that she covets would be awarded to her by the court. Just why plaintiff is entitled to an injunction or specific performance we are not advised, and cannot conceive of any reason why, if she is entitled to this automobile, she cannot recover it in an action in the nature of replevin. Her claim that money compensation would not relieve her is inconsistent with another claim that she makes that $5,000 punitive damages should be awarded.

We shall not enter into a discussion of the claim of the defendants that section 3773, C. L. 1921, makes invalid this scheme as a gift enterprise, or lottery. See *Rast v. Van Deman & Lewis Co.*, 240 U. S. 342, 365, 36 Sup. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; *Corporate Organization & Audit Co. v. Hodges*, 47 App. D. C., 460, 39 A. L. R. 1040.

There is nothing in the complaint that calls for equitable relief by way of injunction, or for the specific performance or enforcement of some supposed contract to which the plaintiff is a party. Whether this scheme, as outlined in the complaint, is forbidden by our statute we need not determine. If plaintiff has any rights to this automobile, replevin is an adequate remedy.

Plaintiff complains of the ruling of the trial court setting aside a default of some of the defendants for failure to plead to the complaint within the time fixed by our Code of Procedure. The trial court has a wide discretion

446

in such matters and we are not disposed to interfere with its ruling setting aside the default and permitting answer to be filed.

The judgment is affirmed.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Alter concur.