No. 15,499.

MOUNTAIN ET AL. *v*. STEWART.
(149 P. [2d] 176)

Decided May 15, 1944.

Mr. JOHN W. ELWELL, for plaintiffs in error.

Mr. WILLIAM L. LLOYD, Mr. A. T. STEWART, Mr. ROBERT W. VATES, of counsel, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

A. T. STEWART, a practicing attorney and counselor at law, brought suit against Anna P. Mountain, to recover a sum alleged to be due him for professional services rendered, and prayed for a lien under the provisions of sections 14 and 15 of chapter 14, '35 C.S.A.

The case history as disclosed by the record, briefly stated, is as follows: The action was instituted August 8, 1941, defendant appeared by attorney and moved that plaintiff be required to furnish a bill of particulars. After some further interlocutory matters, a considerable period of time having elapsed, defendant was served with notice that plaintiff would, on the 31st day of August, 1943, apply to the court for the entry of judgment in his favor. Apparently defendant ignored the notice, and September 17, 1943, the court entered a default judgment in accordance with the prayer of the complaint. Subsequently defendant filed a motion to vacate the judgment which was denied, and to review this action of the trial court she has sued out a writ of error asking that the same be made to operate as a supersedeas and that the cause be finally determined on the supersedeas application. We have elected to comply with the request.

Of the four points specified by defendant as constituting error we deem it necessary to pass upon only the first, namely: that the district court erred in refusing to vacate the judgment, because if this point is not well taken, the others become immaterial.

It is the universally accepted rule that a motion

to vacate a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its determination will not be disturbed on review unless it clearly appears that there has been an abuse of that discretion. 34 C.J., p. 364, §580. We have consistently followed and applied the rule in this jurisdiction as will appear from a number of cases involving the question, of which we cite two of our more recent decisions, namely: *Mosco v. Jeannot,* 86 Colo. 441, 282 Pac. 874; *Connell v. Continental Casualty Co.,* 87 Colo. 573, 290 Pac. 274.

A careful consideration of the record convinces us that the trial court did not abuse its discretion in denying the motion to vacate; consistently with this conclusion its ruling is affirmed.