## No. 17,120.

### BROWNING ET AL. *v.* POTTER.

(271 P. [2d] 418)

Decided May 24, 1954.   Rehearing denied June 14, 1954.

Mr. GEORGE W. HARPER, Mr. HARRY F. CLAUSSEN, Messrs. HORNBEIN & HORNBEIN, for plaintiffs in error.

Messrs. AKOLT, CAMPBELL, TURNQUIST & SHEPHERD, Mr. JOHN P. AKOLT, JR., for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

ON March 7, 1952 Delos D. Potter, defendant in error,

hereinafter referred to as Potter, filed his complaint under Rule 105 R.C.P. Colo. against fifty-one defendants, in addition to "unknown parties," seeking a decree to adjudicate the rights and interests of all parties in and to certain unpatented mining locations and to quiet Potter's title thereto. Potter alleged that he was the sole owner of said claims, subject only to the title of the United States.

Among the defendants in said action were Carl C. Browning, Carl C. Browning as executor of the estate of William C. Browning, deceased, Carl C. Browning as executor de bonis non of the estate of William C. Browning, deceased, Carl C. Browning as trustee under the will of William C. Browning, deceased, John B. Ewing, John B. Ewing as trustee under the will of William C. Browning, deceased, Violet B. Ewing, Flavel H. Browning, Edna B. Heminger and Doris O. Howe Gamble. Of the defendants just named the following appear as plaintiffs in error: Carl C. Browning, also known as C. C. Browning, Flavel H. Browning, Violet B. Ewing, Edna B. Heminger and Doris O. Howe Gamble. Andrew Wysowatcky, as administrator d.b.n. c.t.a., as successor testamentary trustee of the estate of William C. Browning, deceased, also appears as a plaintiff in error.

On March 28, 1953 said Wysowatcky filed in said cause a motion to substitute him as administrator d.b.n. of the estate of William C. Browning in the place of Carl C. Browning, alleging that on March 3, 1953 by order of the Denver County court he was so appointed to succeed Carl C. Browning who had on that date been removed from his office and trust. He also filed a motion to vacate the default against the representatives of the estate, as will more fully appear hereafter. This motion was denied.

Carl C. Browning individually and as executor of the estate of William C. Browning, deceased; Carl C. Browning as executor d.b.n. of the estate and Carl C. Browning as trustee under the will of Browning, were per-

sonally served with process in said action in Denver, Colorado on March 14, 1952. Doris O. Howe Gamble was personally served with summons in Jefferson county, Colorado, on March 19, 1952. Service of summons was had upon non-resident defendants in said action, including John B. Ewing; John B. Ewing as trustee under the will of William C. Browning, deceased; Violet B. Ewing; Flavel H. Browning and Edna B. Heminger, by publication thereof, the last publication of said summons being on April 24, 1952. Copies of the process in said action were mailed to each of the non-resident defendants, as by law provided.

On April 11, 1952, default was entered by the clerk of the court against (among others) the defendants Carl C. Browning, also known as C. C. Browning, Carl C. Browning as executor of the Estate of William C. Browning, deceased, Carl C. Browning as Executor d.b.n. of the estate of William C. Browning, and Carl C. Browning as trustee under the will of William C. Browning. On June 5, 1952 default was entered against Doris O. Howe Gamble, and against all other defendants in said action not included in the order of default of April 11, 1952. Among those so declared in default were the remaining plaintiffs in error.

On behalf of "the heirs of William C. Browning deceased" a motion to vacate and set aside the defaults was filed. The trial court granted the "Browning heirs" further time within which to make a further showing and tender an answer to be filed in the event said defaults were vacated. On June 25, 1952 a further showing was filed, together with a tendered answer on behalf of Violet B. Ewing, Flavel H. Browning, Edna B. Heminger and John B. Ewing as Trustee under the will of William C. Browning, deceased. In this tendered answer these parties set forth a deed of trust on substantially all of the land described in the complaint dated June 2, 1935, and allegedly executed by one Joseph Bellis, to secure an indebtedness represented by two writings, claimed

by plaintiffs in error to be promissory notes. The answering defendants asserted they were the owners of one of said notes. The prayer of their answer was that the Potter title be held subject to this deed of trust. Submitted with the motion to vacate the defaults were certain affidavits. Counsel for Potter filed counter affidavits.

On October 27, 1952 the trial court overruled the motion to vacate the defaults, finding: "That said defendant Browning heirs have not presented or established sufficient facts constituting excusable neglect upon their part in failing to appear in this action and plead to the complaint prior to the entry of the defaults against them to justify this Court to set aside and vacate said defaults. That the Answers tendered for filing in behalf of said Browning heirs do not set forth a meritorious defense or claim by or in behalf of said heirs, or any of them, upon which any relief could be granted to said defendants in this action."

On October 30, 1952 the trial court entered its decree in favor of Potter on his complaint. Among the findings in said decree the trial court determined that Joseph Bellis at the time of the execution of the alleged notes and deed of trust "had no right, title or interest in fact or in law in the above described mining claims, or any thereof" and that said instruments were "null and void and vested no right, title, interest in or to said placer mining claims, or lien on same. That said deed of trust constitutes a cloud upon Plaintiff's title * * * which cloud should be removed by decree of this court." It was so ordered and decreed.

From the ruling denying their motion to vacate the defaults, the plaintiffs in error bring the case here by writ of error.

It appears that on June 29, 1935 Joseph Bellis executed two contracts for $20,000 each, one payable to W. C. Browning and the other to Ella W. Sloan. These contracts were payable on or before July 1, 1940 and se-

cured by a deed of trust recorded October 22, 1935, on some fifty-two mining claims in Garfield county, Colorado. It also appears that the Sloan contract was in the hands of Barney L. Whatley, who, claiming to be the owner thereof, instituted action for foreclosure of the deed of trust through his counsel, Jean S. Breitenstein. In said action, plaintiffs in error, together with others, were named as defendants and served with process. Plaintiffs in error attempted to make an arrangement with counsel for Whatley to represent them in said foreclosure proceeding and present their claim against said property. Mr. Breitenstein prepared a written contract between himself and the Brownings, who claimed under the other note above mentioned, whereby for a stipulated fee he would represent them in said action, and submitted the contract to plaintiffs in error for signature. For reasons not appearing in the record, plaintiffs in error did not execute and deliver the contract and Mr. Breitenstein did not represent them. Later, when the instant action was commenced, Mr. Breitenstein verbally, and in writing, notified the parties that he was not representing them or any of them in either action, and that he was not counsel in the suit of Potter v. Browning, et al. Whatley was not a party to the Potter suit to quiet title. It conclusively appears from the record herein that any conversation between Mr. Breitenstein and plaintiffs in error, or their representatives, only concerned the Whatley suit, and had nothing to do with the Potter action which was later instituted.

William C. Browning died August 4, 1941, leaving a last will and testament which was duly admitted to probate and record on September 2, 1941. Carl C. Browning and John B. Ewing were named therein as Executors and Trustees for Flavel H. Browning, Carl C. Browning, Violet B. Ewing, Edna B. Heminger and Doris O. Howe (now Doris O. Howe Gamble). The Browning estate was closed in April, 1942.

In September, 1948 Carl C. Browning filed in the

County Court a petition to reopen the Browning estate, alleging that there were newly discovered assets belonging to the estate, which assets were the so-called note and trust deed set forth in the answers of the Browning heirs. The County Court on the same day this petition was filed reopened the estate and appointed Carl C. Browning as executor d.b.n. of said estate. He continued to serve as such until March 3, 1953 on which date in an ex parte proceeding the Denver County Court, in which the Browning estate was pending, issued its order revoking the letters theretofore issued to Carl C. Browning as executor d.b.n. and appointed plaintiff in error Wysowatcky as successor testamentary trustee and administrator d.b.n. of the Browning estate, and was given authority to "prosecute such foreclosure or actions as necessary to realize upon certain newly discovered assets belonging to said estate, mentioned in the petition herein."

Andrew Wysowatcky, as successor testamentary trustee of the estate of William C. Browning, deceased, was not a party to this action in the trial court, entering the case on March 28, 1953, when he filed a motion to vacate the default entered April 11, 1952 against Carl C. Browning as executor and as executor d.b.n. of the Browning estate, some five months after the final judgment in this action. Said motion was not filed within six months after the default was entered, and, based on Rule 60 (b) R.C.P. Colo., the trial court was correct in denying his motion to vacate the default.

It is true that the County Court order of March 3, 1953 recited, "That on or about the 11th day of February, 1949 the said Carl C. Browning, while executor D.B.N. of said estate, suffered a stroke of such nature that he was rendered a mental incompetent, and that such condition has continued to the present date. That the physical and mental condition of the said Carl C. Browning, prevents him from properly performing, and that he cannot properly perform, his duties as Executor

D.B.N. of said estate." As above stated, this was an ex parte finding and order. Why it was so belatedly entered, does not appear in this record. The finding of the trial court in the instant case could not be affected by any such order or finding of the Denver County Court.

The affidavits on file in the instant case disclose that Carl C. Browning did suffer a stroke in 1949, but that he was not thereby incapacitated in 1952; that he not only discussed matters connected with the Whatley and Potter cases intelligently, but furnished counsel with the addresses of non-resident defendants. He was not confined to his room, and went from his hotel to restaurants for his meals. The deposition of Doris O. Howe Gamble on file herein discloses that on several occasions she talked to Carl C. Browning about both the Whatley and Potter cases; that she and Browning visited back and forth, discussed these cases from the date of service in the first case in February, 1952 to July 23, 1952; that Mr. Browning in traveling to the Gamble residence in Jefferson county went by bus and Mrs. Gamble met him at the end of the bus line; that Mr. Browning wrote letters.

Counsel for plaintiffs in error here urge two grounds upon which they rely for reversal. The first is the alleged mental incompetency of Carl C. Browning, the second the alleged failure of Jean S. Breitenstein to properly perform his professional duty toward these plaintiffs in error. A full and complete hearing was had before the trial judge who, we are convinced, very properly determined both issues against plaintiffs in error.

Attempt is made by counsel for plaintiffs in error to justify the neglect of their clients in failing to enter a timely appearance in the Potter suit, saying plaintiffs in error "understood" Mr. Breitenstein was to represent them in said action. This is not the fact, as abundantly appears from the record. We have carefully considered the entire record here presented and must conclude there is no justification in fact, or in law, for the attempt

to place responsibility upon Mr. Breitenstein for something he did not undertake. The neglect of plaintiffs in error was of their own making, and cannot be considered as excusable under the undisputed facts. Plaintiffs in error knew there were two actions in which they were named as defendants. Mr. Breitenstein was counsel in the first, or Whatley suit, but had nothing to do with the second action in which Potter was plaintiff. A careful reading of the record discloses that Mr. Breitenstein acted fairly, honorably and in accordance with legal ethics. He was never retained by plaintiffs in error, or any of them, and how they could expect him to represent them in an action in which they had not employed him, we fail to see.

Counsel urge that the counter-affidavit of Mr. Breitenstein was inadmissible in evidence because of the provisions of section 9, chapter 177, 1935 C.S.A., which reads: "Second. An attorney shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment; * * * "

It would be a strange rule which would prevent an attorney whose ethics and professional conduct are questioned from filing an affidavit in which his position in the matter is set forth. The plaintiffs in error were never clients of Mr. Breitenstein, but had it been otherwise the Browning heirs having opened the matter, and even if timely objection had been made, they thereby waived any privilege which they might otherwise have had.

Let us briefly recapitulate the record as it appeared to the trial judge and see if he abused his judicial discretion. Carl C. Browning, individually and in his representative capacities, and Doris O. Howe Gamble were personally served with process in Colorado long before the defaults were entered against them. Neither of them ever filed or tendered an answer to the Potter complaint.

The remaining plaintiffs in error, by their answer, attempted to set up a claim to the property in question

by alleging that William C. Browning left him surviving five heirs, including Flavel H. Browning, Violet B. Ewing and Edna B. Heminger; that on June 29, 1935 Joseph Bellis executed two alleged promissory notes for $20,000, each due in 1940, and secured same by a deed of trust to the Public Trustee of Garfield County, Colorado, on the mining property to which Potter claimed title; that one of these notes belonged to the estate of William C. Browning; that it had not been paid. They further alleged that by the terms of said notes Bellis assumed no personal liability, and that the holder or holders of said notes "will look only to the real property herein recited and described for the payment of the indebtedness secured thereby." William C. Browning died in 1941 and his estate was closed April 14, 1942, without reference to the Bellis note. Later, on September 29, 1948 the estate was reopened for the purpose of administering upon "newly discovered assets," presumably the Bellis note and deed of trust. Nothing whatever appears to have been thereafter done in this regard by the estate. The trial court in the instant case determined that Bellis did not own the mining claims upon which he attempted to place a deed of trust some seventeen years prior to the date of the decree. It is indeed difficult to see where any of the Browning heirs claiming as cestui que trusts under the Bellis trust deed had any legal or equitable claims to the property claimed by Potter.

Counsel for plaintiffs in error in their brief state: "We do not deny that the personal representative of a decedent's estate, rather than the heirs or legatees, is a proper party to institute action to foreclose a trust deed. However, it does not follow that the heirs or legatees have no standing as defendants in a quiet title action to protect their interest in a trust deed belonging to the estate." They assert "that where the administrator or executor of an estate fails or refuses to act to protect the assets of the estate, then the heirs, or legatees, may themselves take such legal action as is necessary to pro-

tect the interests of the estate." They then claim that "because of his unfortunate mental affliction; Carl Browning was not able to act to protect the assets of the Browning estate." Hence, they argue that the plaintiffs in error, as legatees of the Browning estate, had standing to defend the estate and their interest therein as against Potter's claims.

We fail to find in the tendered answer herein any allegation that Carl Browning, because of mental disability or other cause, was prevented from protecting the interests of the estate, if any interest it had.

When Mr. Whatley commenced his action, based on the other Bellis note, and named plaintiffs in error as defendants in said suit, they had every opportunity to join in this proceeding, but did not do so. When the instant action was commenced each plaintiff in error was served and had actual notice of its pendency, but they did nothing, in spite of the fact that they were advised orally and in writing that counsel for Whatley did not represent them.

■ ■ We have consistently held that the burden is upon a defendant to establish the grounds on which he relies, to set aside a default entered against him, by clear and convincing proof; that the granting or denial of an application to vacate a default, based on excusable neglect rests in the sound judicial discretion of the trial court and to warrant a reversal it must appear that there was an abuse of that discretion. *Self v. Watt,* 128 Colo. 61, 259 P. (2d) 1074; *Mosco v. Jeannot,* 86 Colo. 441, 282 Pac. 874; *Connell v. Continental Casualty Co.,* 87 Colo. 573, 290 Pac. 274; *Mountain et al. v. Stewart,* 112 Colo. 302, 149 P. (2d) 176.

A careful review of the entire record convinces us that there was no abuse of discretion on the part of the trial judge. His action is supported by the record.

The judgment is affirmed.