## No. 17,747.

MORRISON W. BURR *v*. AMOS ALLARD, ET AL.

(293 P. [2d] 969)

Decided February 20, 1956.

Mr. FRANK A. BRUNO, Mr. H. D. REED, Mr. C. HAMILTON EVANS, for plaintiff in error.

Mr. Alden T. Hill, Mr. Ralph H. Coyte, Mr. Gene E. Fischer, for defendants in error.

*En Banc.*

Mr. Chief Justice Alter delivered the opinion of the Court.

Amos Allard, George Allard and Martin Allard recovered judgments against Morrison W. Burr totaling $6215.50. Defendant is here by writ of error seeking a reversal of the judgments.

The Allards will be designated as plaintiffs and Burr as defendant as they appeared in the trial court.

The record discloses that on December 22, 1954, plaintiffs filed their complaint, consisting of four causes of action (claims), in the first three claims each plaintiff sought individual judgment on defendant's several promissory notes in the sum of $600.00 each, dated April 7, 1954, and payable on June 7, 1954. In the fourth claim plaintiffs sought a joint judgment against defendant in the sum of $4200.00 as the agreed value of a percentage in certain mineral rights which defendant promised and agreed, but failed, to deliver to plaintiffs on or before June 5, 1954.

It appears that in 1952 Burr leased the mineral rights on certain lands owned by plaintiffs for a period of eighteen months and posted a bond in the form of a check for $6000.00 guaranteeing his agreement to drill an oil well within eighteen months. No well was drilled within the eighteen months, and the plaintiffs, as it was agreed they might do, presented defendant's check for payment, which was dishonored by the bank. Subsequently defendant entered into another agreement with plaintiffs, giving them three promissory notes dated April 7, 1954, and payable June 7, 1954, and agreed to assign to plaintiffs royalty interests in other leases of mineral rights that would have a market value of

$4200.00. The defendant defaulted in the payment of his notes and failed and refused to assign royalty interests to plaintiffs valued at $4200.00 or any other sum. This litigation resulted.

In chronological order the record discloses:
Complaint filed December 22, 1954.
Summons and copy of complaint served on defendant in Larimer County December 22, 1954.
Defendant's default entered January 13, 1955.
Judgment entered January 19, 1955.
Garnishee summons served on bank March 14, 1955.
Levy on defendant's 1954 Cadillac March 14, 1955.
Motion to set aside default judgment May 19, 1955.
Hearing on motion and denial thereof June 21, 1955.
Record filed and writ of error sued out August 9, 1955.
Defendant's motion to set aside the default judgment was, as noted, filed on May 19, 1955, and denied on June 21, 1955.

The pertinent parts of defendant's verified motion to set aside the default judgment are:

"That the defendant, because of financial difficulties, was unable to procure and hire counsel to prepare and file a responsive pleading to the said Complaint; that during said period the defendant did consult with an attorney in this County and discussed with said attorney possible defenses to the action; that said attorney did not urge said defenses because the defendant herein was not able to pay the small and reasonable retainer requested by said attorney; *that the defendant herein does have a good and valid defense to said action, and each and every of the several causes of actions alleged in said Complaint,* in that the considerations for the notes and other writings which formed the basis of the plaintiffs' judgments were gas and oil leases executed by the plaintiffs to the defendant, which purported to convey to him materials and mineral rights in several and divers sections of lands lying and situate in Jackson County, Colo-

rado; that true copies of said oil and gas leases are hereto attached, made a part hereof and marked Exhibit 'A'.

"3. That the plaintiffs and each of them warranted the title to said minerals in said leases; that subsequent to said conveyance the defendant had the title to said lands and minerals examined, which examination shows that the plaintiffs did not have title to said lands and the minerals thereon in the *manner and form purported to be conveyed in said oil and gas leases,* and that by reason of the premises said notes and other instruments which form the basis of plaintiffs' action are without consideration and that by reason thereof the judgments entered by this Court, as aforesaid, are unjust; that if this Motion to Set Aside said default judgments is granted by the Court, the defendant is now in a position to employ counsel to urge said defenses and defeat, *at least in part,* said cause of action.

"4. That the defendant since said judgments were entered against him has attempted diligently and conscientiously to procure sufficient funds to employ counsel to urge his defenses; that he has been advised that said defenses are proper and should be urged." (Italics ours.)

A copy of the lease in question contains two provisions to which attention is called:

"If said lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the royalties and rentals herein provided shall be paid the lessor only in the proportion which his interests bears to the whole and undivided fee.

\* \* \*

"Lessor hereby warrants and agrees to defend the title to the lands herein described, and agrees that the lessee shall have the right at any time to redeem for lessor, by payment, any mortgages, taxes or other liens on the above described lands, in the event of default of payment by lessor, and be subrogated to the rights of the holders thereof."

It is to be noted that nothing appears in the record

here remotely indicating that defendant ever made any objection to plaintiffs' title to the leased premises. Defendant, in his motion to set aside the judgment, does not state or intimate what his "good and valid defense" to the action is, and his statement that the "plaintiffs did not have title to said lands and minerals thereon *in the manner and form purported to be conveyed in said oil and gas leases*" is but a conclusion with no facts set forth even tending to support it. It appears from the record that it was exactly two months from the day on which the levy was made on defendant's Cadillac automobile and garnishee summons served on a bank in which defendant and his wife jointly had their safety deposit box that defendant filed his motion to set aside the judgment.

Rule 60 (b) R.C.P. Colo. provides:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than 6 months after the judgment, * * * was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. * * *"

In *Gumaer v. Bell,* 51 Colo. 473, 119 Pac. 681, we held under the Code provisions wherein excusable neglect was specifically mentioned as one of the causes for setting aside a default judgment, the syllabus, well supported by the record, is as follows:

"The discretion of the court in determining an application to vacate a default is not a capricious or arbitrary discretion, but is controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to impede or defeat, the ends of justice.

"Whenever the court of review, upon examination of the facts, is convinced that the action of the court below,

in such case, was not in conformity with the spirit of the law its single duty is to vacate the erroneous judgment.

"To vacate a default a mere showing of excusable neglect is not sufficient.

"A defense to the action *prima facie* meritorious, must also appear.

"And it must be stated with such fullness and particularity that the court can see that it is substantial, not technical, meritorious and not frivolous."

In *Self v. Watt,* 128 Colo. 61, 259 P. (2d) 1074, the plaintiff in error made an unsuccessful attempt for relief from a judgment by filing a motion to vacate the judgment, and we there held that the motion was addressed to the sound judicial discretion of the trial court and would not be disturbed unless it appeared that there had been an abuse of that discretion. It appears in that case that Self asserted that he was acting upon the advice of his counsel, who had informed him that he would have a six months period in which to determine whether he could raise the funds necessary to pay his obligation under his purchase contract. He urged this as a reason why he should be relieved of the consequences of the default judgment. With reference thereto we said:

"* * * It was not the duty of the trial court, neither is it ours, to relieve Self of the consequences incident to the mistakes of his then counsel. * * *"

Further, we said:

"At no time during the pendency of this action did the defendant make any showing of a meritorious defense to the instant suit. Neither did he at any time make any tender of the amount due."

In *Browning v. Potter,* 129 Colo. 448, 271 P. (2d) 418, the syllabus, well supported by the opinion, is as follows:

"The burden is upon a defendant to establish the grounds on which he relies, to set aside a default entered against him, by clear and convincing proof.

"The granting or denial of an application to vacate a

default, based on excusable neglect rests in the sound judicial discretion of the trial court and to warrant a reversal it must appear that there was an abuse of that discretion."

The record discloses that the trial court did not abuse its judicial discretion in denying defendant's motion to set aside the default judgment, and, accordingly, the judgment is affirmed.