No. 18,191.

H. P. EHRLINGER, ET AL. *v*. CHARLES F. PARKER.

(327 P. [2d] 267)

Decided June 30, 1958.

Messrs. BRYANT, PETRIE & WALDECK, for plaintiffs in error.

Messrs. ADAMS, HECKMAN, TRAYLOR & ELA, Mr. T. J. HARSHMAN, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

IN the trial court the parties appeared in reverse order to their appearance here. We refer to defendant in error as plaintiff and to plaintiffs in error as defendants.

On July 27, 1956, plaintiff filed his complaint, seeking to have set aside a certain contract, entered into by the parties herein, on the ground that plaintiff was induced to enter into said contract by the fraud and misrepresentations of defendants, and to recover $50,000.00, said sum having been paid by plaintiff to defendants pursuant to the terms of said contract.

On July 27, 1956, each of the defendants was personally served with summons and complaint in San Juan County.

On August 20, 1956, the defendants, having failed to enter an appearance or to plead in the case, the plaintiff filed his written "application for and entry of default."

On August 21, 1956, the clerk of the court entered the default of the defendants.

On August 30, 1956, plaintiff filed his "application for entry of judgment."

On September 17, 1956, hearing was had on plaintiff's application for judgment, testimony was taken, exhibits admitted in evidence, and at the close of the hearing and on the same day "findings of fact and conclusions of

law" and judgment were entered in favor of plaintiff and against defendants, in accordance with plaintiff's complaint and the prayer thereof.

On October 1, 1956, the court ordered certain assets of defendants sold on execution to satisfy said judgment.

On November 16, 1956, public sale thereof was had.

On December 3, 1956, the defendants filed their verified motion to vacate the judgment entered September 17, 1956, urging as grounds therefor that:

(a) Defendants being in default was the result of mistake, inadvertence, surprise and excusable neglect on the part of defendants and their then attorney.

(b) Attorneys for the respective parties had been negotiating, seeking to compromise the case and it was "understood between all parties that no default or judgment would be taken * * * during * * * negotiations * * *."

(c) Negotiations for settlement of the judgment continued after its entry and during the time the property was being advertised for sale on execution.

Defendants further allege:

"That defendants have a good and meritorious defense to the claims set forth in the complaint and would have plead such defense long ago had it not been for the conduct of the parties as herein set forth and a desire on the part of defendants to avoid litigation."

On December 11, 1956, E. B. Adams, one of plaintiff's attorneys, filed his affidavit in answer to defendants' verified motion to vacate judgment, and sets forth therein that defendants' original counsel had conferred with him and had advised him that one of the defendants was going to California to get the money to settle the matter, whereupon Adams agreed to take no action in the case pending further word from defendants' attorney, and that on August 30, 1956, said attorney advised Adams that he had no word from defendant and that plaintiff might proceed by default, which was done. That on August 30, 1956, this same defendant came to

Adams' office and informed him that he was seeking to raise money to pay plaintiff's claim.

On September 26, 1956, defendants, through their original counsel, made a written proposal for settlement of *the judgment*. This proposal was promptly rejected by plaintiff.

On October 1, 1956, a further written proposal was made by defendants for settlement of *the judgment*. This proposal was rejected on October 11, 1956.

On October 17, 1956, defendants, through their then counsel, made another qualified proposal for settlement of *the judgment*. This proposal was promptly rejected and defendants' then counsel notified that plaintiff would proceed with his execution sale and the collection of the judgment.

On December 11, 1956, the trial court entered its order, denying defendants' motion to vacate the judgment.

Defendants are here by writ of error seeking reversal.

■ Defendants contend that the trial court should have proceeded under Rule 55 (c) and Rule 60 (b), R.C.P. Colo., and set the judgment aside. Both rules leave the matter of setting aside defaults and judgments entered thereon to the discretion of the trial judge. We find nothing in the record to indicate that the trial court abused its discretion; in fact, the record strongly sanctions the trial court's findings and order denying the motion to vacate.

■ Rules of procedure are to be followed and not ignored, as they were in this case. The summons served on defendants clearly stated that defendants should appear within twenty days. We find nothing in the record to indicate any justifiable excuse for not appearing.

■ A further reason for refusing to set aside the default is the defendants' delay in making their motion. The defendants knew that judgment had been entered, knew their property was advertised for sale on execution under the judgment. Defendants made numerous efforts to settle or satisfy the judgment through their former

counsel, and through their present counsel; they took no steps to have the judgment set aside until December 3, 1956, nearly three months after the judgment was entered, and at least six weeks after defendants knew the judgment had been entered. It was the duty of the defendants, on learning of the entry of the judgment, of which they now complain, to take prompt steps to have the alleged wrong corrected. In seeking to settle, satisfy and compromise the judgment, defendants necessarily recognized and acknowledged the same, and now seek to repudiate it. Their actions are contradictory and inconsistent, and refusal of the trial court to sanction them was not an abuse of discretion.

Defendants' application to set aside the judgment is defective, in that it fails to set forth *facts* showing a defense to plaintiff's complaint.

Defendants' verified motion states that: "Defendants have a good and meritorious defense * * *."

Such allegation is wholly inadequate. At most it is but a conclusion of law. No facts showing a defense or even the nature thereof are set forth.

We have uniformily held and again hold that one seeking to have a default judgment set aside must set forth *facts* which, if established, would produce a judgment other than the one entered.

In *Burr v. Allard*, 133 Colo. 270, 293 P. (2d) 969, this court said:

" * * * Defendant, in his motion to set aside the judgment, does not state or intimate what his 'good and valid defense' to the action is, and his statement that the 'plaintiffs did not have title to said lands and minerals thereon *in the manner and form purported to be conveyed in said oil and gas leases*' is but a conclusion with no facts set forth even tending to support it."

In *Browning v. Potter*, 129 Colo. 448, 271 P. (2d) 418, it is said:

"We have consistently held that the burden is upon a defendant to establish the grounds on which he relies,

to set aside a default entered against him, by clear and convincing proof; that the granting or denial of an application to vacate a default, based on excusable neglect rests in the sound judicial discretion of the trial court and to warrant a reversal it must appear that there was an abuse of that discretion. *Self v. Watt,* 128 Colo. 61, 259 P. (2d) 1074; *Mosco v. Jeannot,* 86 Colo. 441, 282 Pac. 874; *Connell v. Continental Casualty Co.,* 87 Colo. 573, 290 Pac. 274; *Mountain, et al. v. Stewart,* 112 Colo. 302, 149 P. (2d) 176."

On filing of a motion to set aside a default judgment, where there has been proper service on defendant, and no appearance within the allotted time, there should be tendered for filing an answer setting forth facts which, if established, would result in a judgment materially different than the judgment entered.

The order of the trial court denying defendants' motion to vacate the judgment is affirmed.