**Ellen PLAISTED, Plaintiff-Appellee,**

v.

**COLORADO SPRINGS SCHOOL DISTRICT NO. 11, Defendant-Appellant.**

**No. 84CA0652.**

Colorado Court of Appeals,
Div. II.

May 23, 1985.

Jeffrey R. Wheeler, P.C., Jeffrey R. Wheeler, Colorado Springs, for plaintiff-appellee.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, J. Stephen Mullen, Colorado Springs, for defendant-appellant.

METZGER, Judge.

The sole issue presented by this appeal is whether the trial court erred in denying defendant's motion to set aside a default judgment entered against it. We affirm.

Plaintiff, Ellen Plaisted, served a summons and complaint on defendant, Colorado Springs School District No. 11, on December 21, 1983, alleging that, on December 7, 1983, she had been injured in a slip and fall on a junior high school parking lot. The summons and complaint were filed in the district court on December 29, 1983.

The secretary for the school board was the recipient of service, and delivered the summons and complaint to another secretary in the school board office. That secretary telephoned the school district's insurance carrier and advised that the lawsuit had been filed. She then mailed copies of the summons and complaint to the attorneys for the school district and to the insurer. These documents were not received by either addressee.

On February 15, 1984, plaintiff obtained a default judgment against the school district. The school district moved to set aside the default judgment on March 1, 1984, and, after hearing, the trial court denied that motion, finding that there was no showing of excusable neglect sufficient to justify its setting aside the judgment.

A court may relieve a party from a default judgment upon a showing of good cause. C.R.C.P. 55(c). Its ruling on a motion to set aside a default judgment will not be disturbed unless it abused its discretion. *Walker v. Associates Loan Co.*, 153 Colo. 261, 385 P.2d 421 (1963).

In order to determine whether the trial court's action meets the underlying goal of promoting substantial justice, *see Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974), an appellate court must determine whether the neglect resulting in the entry of default judgment is excusable, whether the moving party has alleged a meritorious defense, and whether relief from the challenged order would be consistent with equitable considerations. *Craig v. Rider*, 651 P.2d 397 (Colo.1982). For a party to prevail on a request to set aside a default judgment, it must prove that each of these criteria are present, *Burr v. Allard*, 133 Colo. 270, 293 P.2d 969 (1956).

Excusable neglect is more than ordinary negligence or carelessness. Rather, "excusable neglect occurs when there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as a result of some unavoidable hindrance or occurrence." *Farmers Insur-*

*ance Group v. District Court,* 181 Colo. 85, 507 P.2d 865 (1973).

The school district argues that the loss of the summons and complaint in the mail constituted excusable neglect. The trial court rejected that contention, noting that the school district secretary had telephoned the insurance carrier to advise that she was mailing the summons and complaint, but no follow-up occurred. *See Biella v. State Department of Highways,* 652 P.2d 1100 (Colo.App.1982), *aff'd,* 672 P.2d 529 (Colo.1983). This finding is supported by the record; and we will not disturb it on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 782 (1979).

The school district contends that the trial court erred in failing to make findings as to the other two elements—meritorious defense and equitable considerations. While that may be the case, it is of no import since the finding of no excusable neglect is sufficient to sustain the judgment. *See Burr v. Allard, supra.*

The judgment is affirmed.

SMITH and KELLY, JJ., concur.