23CA2051 Denton v Air Pros One 02-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2051
El Paso County District Court No. 23CV30514
Honorable David Shakes, Judge

Jack Denton,

Plaintiff-Appellee,

v.

Air Pros One Source, LLC, a Colorado limited liability company,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE FREYRE
Schock and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 6, 2025

Earl & Earl, PLLC, Collin J. Earl, Ryan T. Earl, Brian E. Hefner, Colorado
Springs, Colorado, for Plaintiff-Appellee

Dinsmore & Shohl LLP, Michael A. Paul, Kevin D. Poyner, Jeana M. Mason,
Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Air Pros One Source, LLC (Air Pros), appeals the district court's order denying its motion to set aside the default judgment entered in favor of plaintiff, Jack Denton.  We affirm.

## I.     Background

¶ 2     In June 2020, Denton hired Air Pros to repair a boiler in his home.  Denton paid Air Pros $2,600.  By September 2020, the boiler had not been fixed, and Denton spent the winter of 2020-2021 with no hot water or heat.

¶ 3     In February 2021, Denton's pipes froze, resulting in water and mold damage to the home.  Throughout the summer and fall, Air Pros continued to work on Denton's boiler sporadically, but the problems were not resolved, and Denton spent another winter without heat or hot water.

¶ 4     In January 2022, Denton filed a complaint against Air Pros with the Pikes Peak Building Department detailing his repair issues. An Air Pros representative promised Denton that all problems would be fixed.  Repair work started, but Air Pros terminated its employee before the work was completed.

¶ 5     In May 2022, Air Pros sent Denton a signed settlement agreement offering to refund $3,000, to replace the carpet, and to

replace the wood floors if Denton dismissed the building department complaint. Denton emailed his acceptance of the offer, but he never signed the agreement. Air Pros refunded the $3,000 but never replaced the carpet or wood floors.

¶ 6 In March 2023, Denton filed this action for injunctive relief, specific performance, and negligence, and he sought damages for loss of enjoyment resulting from the lack of heat or hot water after the pipes burst in February 2021. Denton properly served Air Pros with the complaint.

¶ 7 After receiving the complaint, Air Pros' registered agent sent it to the company's national insurance manager with instructions to forward the complaint to Air Pros' insurance carriers, Clear Blue and Nationwide. Air Pros' legal counsel was never informed of the complaint, due to an unsent email, while Air Pros' national insurance manager believed that the claim was being handled by counsel. Consequently, when the national insurance manager learned the claims had been denied, she never informed legal counsel of the denial, and Air Pros never responded to the complaint.

¶ 8     On May 30, 2023, Denton filed a motion for entry of default on damages pursuant to C.R.C.P. 55(b).  The district court granted the motion and set a damages hearing.  The court held a damages hearing on September 21, 2023, and entered judgment for Denton on October 10, 2023, in the amount of $861,576.49.

¶ 9     Air Pros learned of the judgment the following day when it received judgment-debtor interrogatories.  When Air Pros did not respond to the interrogatories, Denton filed a contempt motion on October 27, and the court set a contempt hearing for January 4, 2024.[1]

¶ 10    On November 28, Air Pros appealed the court's judgment in this court and simultaneously filed a motion to set aside the default judgment in the district court.  It requested a stay of the appeal and a limited remand for ruling on its motion.  This court granted the stay request and remanded the case for a ruling on the motion to set aside the default judgment.

¶ 11    In the motion to set aside the default judgment, Air Pros argued that it would have answered the complaint but for excusable

---

[1] The court never ruled on the contempt motion and focused only on the motion to set aside the default judgment.

3

neglect. Air Pros asserted that it forwarded the complaint to its insurance carriers and that an internal miscommunication resulted in legal counsel never receiving a copy. Consequently, Air Pros assumed legal counsel knew of the insurance claim denials and was handling the lawsuit. In its prehearing brief, Air Pros alternatively argued that Denton failed to comply with the notice provisions of the Colorado Construction Defect Action Reform Act (CDARA) so it did not file an answer to the complaint.

¶ 12    Before the hearing, the district court ordered the parties to address two issues: (1) whether refusing to set aside the default judgment would be a misapplication of the law; and (2) whether the judgment was divisible, i.e., whether a portion of the damages could be reopened, recalculated, or set aside due to mistakes in the judgment.

¶ 13    The parties filed prehearing briefs and agreed that the district court had jurisdiction to adjudicate the contempt citation, but they contested whether sufficient evidence existed to set aside the

default judgment. They further agreed that the court could alter or amend the judgment under C.R.C.P. 60(b).[2]

¶ 14     Air Pros called two of its employees to testify at the hearing; Roscoe Brister, director of special projects and registered agent, and Therese Deutsch, national insurance manager. Brister testified that he received the complaint and forwarded it to "all the relevant folks in [Air Pros]," instructing them on how to proceed and which legal counsel to contact. None of those individuals contacted Air Pros' counsel because they believed the complaint was being handled by Air Pros' insurance carriers. Further, Brister testified that Air Pros never received a notice of claim as required under CDARA. Air Pros argued that it did not file an answer because it believed the case was going to be stayed since Denton had failed to file the notice of claim under CDARA. Deutsch testified that when she received the complaint, she forwarded it to Air Pros' insurance broker to file claims with the insurance carriers. She believed the insurance carriers were handling the claim, and she never followed

---

[2] Denton also argued that the court could amend the judgment under C.R.C.P. 59(a) and 60(a).

up with the insurance carriers to see if local counsel had been hired to defend the complaint.

¶ 15     On April 10, 2024, the district court issued an order denying the motion to set aside the default judgment. The court found that Air Pros failed to meet its burden to show, by clear and convincing evidence, that it acted with excusable neglect. The court found that after Air Pros' agent for service of process forwarded the complaint to the national insurance manager and one carrier denied coverage, a series of miscommunications and failures to follow up resulted in Air Pros not filing an answer to the complaint. It also found that Air Pros produced no evidence that these miscommunications resulted from any unforeseen circumstances that would amount to excusable neglect, under *Goodman Associates, LLC v. WP Mountain Properties, LLC*, 222 P.3d 310, 319 (Colo. 2010).

¶ 16     Additionally, the court rejected Air Pros' argument that it did not file an answer because Denton failed to comply with CDARA's notice requirements. It found the witness's testimony concerning CDARA not credible and inconsistent with Air Pros' miscommunication argument.

¶ 17    The district court considered and rejected Air Pros' three meritorious defense arguments. It first found that although Denton accepted the offer in the settlement agreement, the settlement agreement itself provided no defense because Air Pros failed to perform its obligations under the agreement.

¶ 18    It next found that Denton's failure to file CDARA notices did not provide a defense because the hearing evidence showed that Air Pros was aware of the problems in the work it performed or failed to perform well before the lawsuit was filed. As examples, the court cited the communications between Denton and Air Pros, the experts Air Pros sent to inspect the damage and to rectify the mold issue, the complaint filed by Denton with the building department, and a December 21, 2022, email Denton sent outlining the problems. It found that the email alone satisfied the notice requirements of section 13-20-803.5(11), C.R.S. 2024.

¶ 19    Finally, the court rejected Air Pros' statute of limitations defense. It noted that work began in June 2020 but was never completed. Instead, Air Pros continually performed defective work over the next several years and had not completed the work at the time Denton filed the complaint. It found that Air Pros had not

made a convincing argument that the limitations period began to run in 2020.

¶ 20    The district court acknowledged that Air Pros was correct that "there may be damages that were awarded to Plaintiff incorrectly." It considered this fact in its analysis of the equities, which it found favored Denton. It noted that Air Pros had known of the mold problems since the inspection by its experts and that this problem had never been remediated. It further noted that Air Pros continued to use the settlement agreement as a defense to this action and the complaint to the building department despite having never completed its obligations under the agreement. And it noted that the property was a residence, not a commercial property for which loss of use damages could be more easily calculated. Even considering Air Pros' prompt motion to set aside the default judgment and the errors in the damages calculations, the court concluded they did not outweigh the equitable considerations in favor of Denton. It then denied the motion.

¶ 21    On appeal, Air Pros contends that the district court erroneously (1) held it to a heightened burden of proof on each of the *Goodman* factors; (2) misinterpreted provisions of CDARA,

8

including the application of a mandatory automatic stay that rendered the judgment void; (3) made findings of fact contrary to the weight of evidence; (4) failed to consider meritorious defenses and equitable considerations; (5) failed to consider inadvertence as a basis for setting aside the judgment; and (6) failed to consider or correct the improper and excessive damages awarded. We discern no abuse of discretion in the district court's finding that Air Pros failed to establish excusable neglect by clear and convincing evidence because the record shows the court carefully considered and weighed each of the *Goodman* factors in reaching its decision. Moreover, applying the doctrine of judicial restraint and the rule recognized in *McMichael v. Encompass PAHS Rehabilitation Hospital, LLC*, 2023 CO 2, ¶ 13, that a court may deny a motion to set aside a default judgment if the moving party fails to establish any one of the *Goodman* factors, we do not address Air Pros' remaining arguments concerning meritorious defenses and equitable considerations. Moreover, we reject Air Pros' inadvertence and void judgment arguments. Finally, while we agree the court acknowledged probable mistakes in the damages calculations, the

court's order shows that it considered these mistakes in evaluating the equities of the parties and discern no basis for reversal.

## II. Excusable Neglect

### A. Standard of Review and Applicable Law

¶ 22 We review the district court's denial of relief under Rule 60(b) for an abuse of discretion. *Goodman Assocs., LLC*, 222 P.3d at 314. "Abuse of discretion exists where a decision is manifestly arbitrary, unreasonable, or unfair." *Id.* A court also abuses its discretion if its decision is based on a misapplication of the law. *Ferraro v. Frias Drywall, LLC*, 2019 COA 123, ¶ 10.

¶ 23 "To set aside a judgment under C.R.C.P. 60(b), the movant bears the burden of establishing by clear and convincing evidence that the motion should be granted." *Goodman Assocs., LLC*, 222 P.3d at 315. Clear and convincing evidence is evidence that is highly probable and free from serious or substantial doubt. *L.S.S. v. S.A.P.*, 2022 COA 123, ¶ 39. At its core, the decision whether to set aside a default judgment is an equitable decision designed to balance the finality of judgments and the need to provide relief in the interests of justice in exceptional circumstances. *Goodman Assocs., LLC*, 222 P.3d at 319.

¶ 24    Courts consider three factors when determining whether to relieve a party from default judgment under C.R.C.P. 60(b): "(1) whether the neglect that resulted in the entry of judgment by default was excusable; (2) whether the moving party has alleged a meritorious claim or defense; and (3) whether relief from the challenged order would be consistent with considerations of equity." *McMichael*, ¶ 13 (quoting *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112, 1116 (Colo. 1986)). "[E]ach factor must be weighed and considered together as a part of the question whether excusable neglect exists to satisfy C.R.C.P. 60(b)(1)." *Goodman Assocs., LLC*, 222 P.3d at 320. A court's consideration of these factors must be guided by the general rule that motions to set aside default judgments "should be liberally construed in favor of the movant, especially where the motion has been promptly made." *Craig v. Rider*, 651 P.2d 397, 402 (Colo. 1982); *see also Goodman Assocs., LLC*, 222 P.3d at 320. While the mere existence of a meritorious defense does not, by itself, justify vacating a judgment, the nature of a defense "may shed light on the existence and degree of neglect, and possibly on the equitable considerations." *Goodman Assocs., LLC*, 222 P.3d at 320 (citation omitted). A district court may deny a

motion to set aside a default judgment if the moving party fails to establish any one of these factors. *McMichael*, ¶ 13; *Goodman Assocs., LLC*, 222 P.3d at 321; *Buckmiller*, 727 P.2d at 1116.

¶ 25 "A party's conduct constitutes excusable neglect when the surrounding circumstances would cause a reasonably careful person similarly to neglect a duty." *McMichael*, ¶ 14 (quoting *In re Weisbard*, 25 P.3d 24, 26 (Colo. 2001)). "[N]egligence" or "[c]ommon carelessness" does not constitute "excusable neglect." *Id.* (quoting *Weisbard*, 25 P.3d at 26). Excusable neglect involves "unforeseen circumstances which would cause a reasonably prudent person to overlook a required act in the performance of some responsibility." *Goodman Assocs., LLC*, 222 P.3d at 319 (quoting *Colo. Dep't of Pub. Health & Env't v. Caulk*, 969 P.2d 804, 809 (Colo. App. 1998)). As relevant here, poor office procedures do not justify the failure to respond to a complaint. *Id.* at 321.

## B.   Analysis

¶ 26 The district court relied on two cases, *Lopez v. Reserve Insurance Co.*, 525 P.2d 1204 (Colo. App. 1974) (not published pursuant to C.A.R. 35(f)), and *Plaisted v. Colorado Springs School*

12

*District No. 11*, 702 P.2d 761 (Colo. App. 1985), to find no excusable neglect.

¶ 27    In *Lopez*, the defendant never filed an answer to the complaint or otherwise appeared, and the court entered a default judgment against him.  525 P.2d at 1205.  He filed a motion to set aside the default judgment and asserted excusable neglect.  *Id.*  His motion claimed that he believed that his codefendant would respond and defend the action for all of the defendants.  *Id.*  The district court denied the motion.  *Id.*  A division of this court held that a defendant's reliance on the belief that another party has the legal responsibility to appear and defend an action against him does not excuse his noncompliance with the rules of civil procedure requiring a timely response.  *Id.* at 1205-06.

¶ 28    In *Plaisted,* a school board secretary accepted service of a complaint and summons and delivered them to a second secretary in the school board office.  702 P.2d at 762.  The second secretary called the school district's insurance carrier to inform it that a lawsuit had been filed.  *Id.*  She then mailed copies of the summons and the complaint to the school district's attorney and to the insurer.  *Id.*  However, the documents were not received by either

party. *Id.* After a default judgment entered against the school district, the school district filed a motion to set aside the judgment. *Id.* The district court denied the motion and found there was no excusable neglect. *Id.* A division of this court held that the loss of the summons and complaint in the mail did not constitute excusable neglect because the second secretary did not follow up with the school district's attorney and insurance carrier to ensure their receipt of the documents. *Id.* at 763.

¶ 29   We agree with the district court that the facts here are similar to those in the two cases on which it relied. As in *Lopez,* Air Pros received the complaint and believed that its insurance carriers were handling a response to it. When a party has been properly served, reliance on another party does not excuse the served party's lack of compliance with the rules of civil procedure. *Lopez,* 525 P.2d at 1205-06.

¶ 30   Moreover, like the secretary in *Plaisted,* the district court found that Air Pros failed to follow up with legal counsel and the insurance companies. "'[E]xcusable neglect' occurs when there has been a failure to take proper steps at the proper time, not in consequence of carelessness, but as the result of some unavoidable

hindrance or accident." *Farmers Ins. Grp. v. Dist. Ct.*, 507 P.2d 865, 867 (Colo. 1973). Air Pros presented no evidence of an unavoidable hindrance or accident that affected its ability to respond to the complaint, and to the extent it claims it was not required to do so, we reject that claim. The record shows that Air Pros' service agent received the complaint and forwarded it to the appropriate people with instructions on which legal counsel to contact. Those individuals failed to comply with the agent's instructions and instead assumed the insurance attorneys were handling the matter, without ever contacting the attorneys to learn the status of the lawsuit. These poor office procedures do not justify failing to respond to the complaint. *See Goodman Assocs., LLC*, 222 P.3d at 322. Rather, Air Pros' failures to follow up with its insurance carriers constitute negligence and common carelessness that is insufficient to establish excusable neglect. *See id.* Accordingly, we discern no abuse of discretion in the court's finding that Air Pros failed to establish excusable neglect by clear and convincing evidence. Further, we are not convinced that the district court imposed a heightened burden of proof. The court cited the proper

burden of proof in its order and used it in analyzing the *Goodman* factors.

¶ 31    We are also unpersuaded that *J.B. v. MKBS, LLC*, 2024 COA 117, requires us to reverse the district court's order. As Air Pros noted in its notice of supplemental authority, this case properly states the standards relevant to motions to set aside default judgment, standards we have articulated above. *Id.* at ¶¶ 50-70. The fact that the *J.B.* division found no abuse of discretion and affirmed the district's decision to set aside the default judgment does not require a conclusion that a district court who denies a motion to set aside a default judgment abuses its discretion in doing so. In our view, this case simply illustrates the district court's broad discretion in applying the *Goodman* factors.

¶ 32    Finally, in deciding to resolve this case based on the excusable neglect factor, we acknowledge a tension between our ability to do so under longstanding supreme court cases, *McMichael*, ¶ 13, and *Goodman*'s language requiring a weighing of all the factors. But even assuming, without deciding that Air Pros sufficiently alleged meritorious defenses, they do not justify vacating a judgment, but instead may shed light on the other factors. *See Goodman Assocs.,*

16

*LLC*, 222 P.3d at 320. Indeed, the record shows the district court considered and weighed Air Pros' employees' contradictory testimony that internal miscommunications caused the failure to respond, but also that Denton's failure to comply with CDARA's notice requirement caused the failure to respond. Because the record supports the court's findings, we conclude that Air Pros failed to establish excusable neglect by clear and convincing evidence, affirm the judgment on this basis, and do not address the remaining *Goodman* factors. *See McMichael*, ¶ 13; *Buckmiller*, 727 P.2d at 1116; *see also People v. Curtis*, 2014 COA 100, ¶ 12 ("[T]he cardinal principle of judicial restraint [is] if it is not necessary to decide more, it is necessary not to decide more." (quoting *PDK Lab'ies Inc. v. U.S. Drug Enf't Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment))).

## III. Inadvertence and Void Judgment

¶ 33 Air Pros contends the district court erred by not ruling on its alternative "inadvertence" argument, under Rule 60(b)(1), and its void judgment argument predicated on Denton's failure to comply with CDARA's notice requirements before judgment entered.

17

¶ 34  Concerning inadvertence, Air Pros concedes on appeal that the same facts forming the basis of its excusable neglect argument constitute the basis for its inadvertence argument. While we recognize that the terms in Rule 60(b)(1) are not synonymous, *Goodman Assocs., LLC*, 222 P.3d at 318, Air Pros did not develop its argument by explaining the difference between excusable neglect and inadvertence and relied on a decades-old out-of-state case discussing inadvertence but finding it was insufficient to reverse the denial of the motion to set aside the default judgment. Because we do not address undeveloped arguments, we discern no error by the district court. *Am. Fam. Mut. Ins. Co. v. Am. Nat'l Prop. & Cas. Co.*, 2015 COA 135, ¶ 42.

¶ 35  Air Pros premises its void judgment claim on Denton's failure to comply with the notice provisions of CDARA and the automatic stay that enters pending a claimant's completion of CDARA's requirements. § 13-20-803.5. It reasons that actions taken in violation of an automatic stay are void. We disagree for two reasons. First, as noted above, a meritorious defense does not automatically justify vacating a default judgment but rather is one factor that informs the court's excusable neglect finding under

18

C.R.C.P. 60(b). The district court found that Air Pros knew of the damages caused by its defective work more than seventy-five days before Denton filed his lawsuit, thereby rejecting the notice argument under CDARA, and the record supports this finding. Second, as discussed, the record shows the court considered meritorious defenses, including the CDARA argument, in reaching its excusable neglect finding. Therefore, the district court's excusable neglect finding necessarily includes a finding that the judgment is not void. Because we affirm that finding, we reject Air Pros' void judgment argument.

## IV.    Damages Calculation

¶ 36     Air Pros next contends that the district court failed to consider whether the judgment should be set aside, reopened, or corrected based on potential mistakes in the damages calculation. We disagree because the court considered these potential mistakes in its analysis of the equities. Indeed, the court's order states, "In considering the equitable factors in this case the court has considered the relatively prompt response of Defendant in seeking to set aside the judgment and the alleged incorrectness of some of Plaintiff's damages calculations. However, these considerations do

not outweigh the equitable considerations in favor of Plaintiff."

Accordingly, we discern no legal basis to reverse the damages awarded.

## V.    Attorney Fees

¶ 37     Denton requests an award of attorney fees and double costs pursuant to C.A.R. 39.1 and C.A.R. 38(b).  He asserts that Air Pros' arguments are frivolous and without merit.  An appeal can be frivolous in two ways: frivolous as filed or frivolous as argued.  *See Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006).  An appeal may be frivolous as filed where the "judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there is really no appealable issue."  *Campaign Integrity Watchdog v. Coloradans for a Better Future*, 2016 COA 56M, ¶ 33 (citation omitted).  An appeal may be frivolous as argued where "the appellant commits misconduct in arguing the appeal," *id.* (citation omitted), and "fail[s] to set forth . . . a coherent assertion of error, supported by legal authority," *Castillo*, 148 P.3d at 292.

¶ 38     We conclude that Air Pros' appeal is neither frivolous as filed nor frivolous as argued.  Its brief argued the tension in the case law

20

noted above and cited legal authority to support its arguments. Accordingly, we deny Denton's request for appellate attorney fees and costs.

## VI.  Disposition

¶ 39  The order is affirmed.

JUDGE SCHOCK and JUDGE SULLIVAN concur.