[No. 8222.]

## BURLINGTON DITCH, RESERVOIR & LAND COMPANY ET AL. V. FORT MORGAN RESERVOIR & IRRIGATION COMPANY ET AL.

JUDGMENT—*Vacating*—*Excusable Neglect.*  A motion to vacate a judgment by default under sec. 81 of the code is addressed to the discretion of the court; but the statute is to be construed liberally. (572.)

A judgment by default, taken in violation of a verbal agreement of counsel, sufficiently shown by uncontradicted affidavits, vacated. (572, 573.)

*Error to Morgan District Court.*  Hon. H. P. BURKE, Judge.
    Mr. R. F. ARMSTRONG, of counsel.

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON, for plaintiffs in error.

Messrs. STEPHENSON & STEPHENSON, for defendants in error.

TELLER, J., delivered the opinion of the court.

The defendants in error, plaintiffs below, brought suit to enjoin the plaintiffs in error from taking water from the Platte River, at any time when the plaintiffs, having senior appropriations, were in need of water and not getting it.

Service was had upon both defendants, but neither appearing within the prescribed time, default was entered against them, and the injunction issued according to the prayer of the complaint.  Some time afterwards, but during the term at which the injunction was issued, the defendants moved for a vacation of the judgment, upon the ground that the default was due to inadvertence, mistake, surprise, and excusable neglect.  The motion was supported by several affidavits.

In one of these affidavits it is averred that there was an agreement, made in a conversation between one of plaintiffs' counsel and one of defendants' counsel, in Denver, that the application for a temporary injunction should be indefinitely postponed, but that plaintiffs' counsel should have

the right to call up said application at any time, without further formal notice to defendants, other than to call said counsel by telephone at least twenty-four hours prior to the time fixed for hearing said application; and that it was further then agreed that defendants need not file any pleading in the case, the matter remaining *in statu quo.* The defendant ditch company agreed not to take any water from the Platte River so as to interfere with the full satisfaction of plaintiffs' priorities.

Two other affidavits corroborate the averments of the first quoted affidavit.

No counter affidavits were filed.

The court denied the motion and modified the decree in some particulars, leaving the injunction in force.

It is well settled that a motion of this kind is addressed to the sound discretion of the court, but it is as well established that the statute under which the motion was filed is to be construed liberally, so as to promote substantial justices.

There being no denial of the allegations of defendants' affidavits, it must be taken as true that the failure to appear was due to defendants' counsel's reliance upon an agreement with opposing counsel, by the terms of which they were not required to appear until notified so to do.

The motion for default, either wittingly or unwittingly, violated that agreement. That the violation of the agreement may have been due to a misunderstanding does not change the legal effect of the circumstances, the fact remaining that litigants, by reason of no fault on the part of their counsel, have lost their right to be heard on the merits of the cause.

It is settled in this state that, under such circumstances, there being an honest mistake, a motion, seasonably made, to set aside the default should be granted.

In *Elliott v. Quinn*, 40 Colo. 328, this court in reversing the case for failure to set aside a default, entered because of

a misunderstanding between counsel, quoted from the case of *State Board of Agriculture v. Meyers,* 13 Colo. App. 500, 58 Pac. 879, as follows: "It is very evident to our minds there was an honest mistake, and that the failure to answer or take some steps for the protection of the rights of the board was not neglect on the part of the secretary, but came from an honest misunderstanding. * * * As we have, however, said before in a case of similar description, 'neglect which arises from reliance placed by a party upon assurances given by the opposite counsel, is excusable within the meaning of the law,' and in this case we are quite clear the secretary relied on the assurance but was mistaken as to the tenor and terms of the stipulation. *Directory Co. v. App et al.,* 4 Colo. App. 350." [35 Pac. 985.]

The principles which should be applied in such a case as this are fully and ably discussed in *Douglas v. Badger State Mine,* 41 Wash. 266, 83 Pac. 178, 4 L. R. A. (N. S.) 196, where it is said: "The function of courts is to adjudicate the differences existing between litigants, and mete out that which is right and lawful, so far as such a consummation may be approximated under the forms of law. They are not institutions where the rights of suitors are to be determined by the prowess, skill, or sharp practice of attorneys, on the one side, or by the inconsequential errors, omissions and oversights of the opposite counsel. Technicalities, forms, and rules, must not be permitted to defeat the highest purposes of courts—the dealing out of substantial justice—unless, in a given case, an arbitrary statute or established rule of decision positively so requires."

The conceded facts clearly bring this case within the rule which we have heretofore announced, and it follows that the court erred in denying the motion.

The judgment is reversed and the cause remanded, with directions to proceed as herein indicated.

*Reversed and remanded.*

GABBERT, C. J., and BAILEY, J., concur.