488 P.2d 252 (1971)
Mary Packard TEMPLE, Executrix of the Estate of Jack Verne Temple, Plaintiff in Error,
v.
Ray MILLER, Defendant in Error.
No. 71-240, (Supreme Court No. 24276.)
Colorado Court of Appeals, Division II.
August 31, 1971.
*253 Lattimer, Robb & Naylor, Richard D. Robb, Pueblo, for plaintiff-appellee.
Marshall Quiat, Denver, for defendant-appellant.
Selected for Official Publication.
COYTE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is an appeal by the defendant, Mary Packard Temple, executrix of the estate of her deceased husband, Jack Verne Temple, from an order denying her motion to set aside a default judgment.
The facts leading to that judgment are these. On November 18, 1965, the plaintiff and the decedent executed a written lease whereby the plaintiff was to lease certain business property from the decedent. According to the written terms of the lease, part of the rent was to consist of five percent of plaintiff's gross profits exceeding $60,000.
In May 1968 plaintiff sued for reformation of the lease, alleging that the agreedupon gross profits figure should have been $120,000 instead of $60,000, as was mistakenly written in the instrument. Defendant in her answer denied the allegations of mistake and filed a counterclaim against plaintiff for back rent. Plaintiff answered the counterclaim by filing a general denial.
Thereafter, interrogatories were submitted to the defendant through counsel representing her at that time, not her present counsel. At a pre-trial conference held September 18, 1968, defendant's counsel was given ten days in which to furnish answers to the interrogatories. Defendant's counsel failed to comply with this requirement and plaintiff moved for a default judgment pursuant to R.C.P.Colo. 37(b) (2) (iii). The judgment was granted November 18, 1968.
On May 19, 1969, defendant's present counsel entered his appearance and moved to have the judgment set aside under R.C. P.Colo. 60(b). As grounds for this motion, defendant alleged surprise and excusable neglect and asserted that she had just discovered her former counsel's failure to comply with the court's order and the resultant default judgment.
At the conclusion of a hearing on this motion, the trial court entered its order *254 denying the same. In its order the trial court stated that defendant cannot claim surprise or excusable neglect because of the fact that she had failed to check adequately with her former counsel concerning the progress of the litigation. Secondly, the trial court stated that the defendant had failed to establish a meritorious defense to plaintiff's claim.
To hold, as the trial court did, that these reasons are inapplicable because the defendant failed to check the progress of the litigation is, in effect, to make the client totally responsible for the attorney's negligent failure to comply with the rules of civil procedure. The uncontroverted evidence was that defendant on numerous occasions requested information from her then attorney as to the progress of the case and he gave her false information and withheld the fact that default judgment had been entered against her. When she finally learned of the default, she promptly engaged present counsel. It was not shown how or in what other manner the defendant could have insured that her former counsel was fulfilling his duty to her and to the court. In Coerber v. Rath, 164 Colo. 294, 435 P.2d 228, it is pointed out that a client is entitled to place his trust and confidence in his attorney. In fact, the average person is so totally unacquainted with the numerous rules governing litigation that it is necessary that he place his trust in those who hold themselves out as experts in this field. Thus, in Coerber, supra, the Supreme Court held that gross negligence on the part of counsel resulting in a default judgment is considered excusable neglect on the part of the client entitling him to have the judgment set aside. To hold otherwise, as Coerber, supra, points out, would be to punish the innocent client for the gross negligence of his attorney.
The second part of the trial court's order concerns the meritorious defense presented. It is necessary in a proceeding to set aside a default judgment for the moving party to set forth a meritorious defense. Coerber, supra.
A meritorious defense does not have to be proven in the hearing to set aside the judgment. What is necessary is that the defendant allege facts which, if proven true, would alter the judgment entered. Ehrlinger v. Parker, 137 Colo. 514, 327 P.2d 267.
Plaintiff's suit for reformation of the instrument was based on the claim that by mutual mistake of the parties the figure $60,000 was substituted for the intended figure of $120,000. The defendant specifically denied that this figure in the instrument was other than that intended by the parties. She claimed to have evidence of letters and other written memoranda made before the execution of the lease establishing that the parties had intended all along to use the figure of $60,000. If defendant's evidence is accepted as true by the trier of fact, then the judgment would be materially different from the default judgment presently entered. In addition, defendant raises the problem that there was no testimony introduced by plaintiff to support the allegations of his complaint. Defendant has met the test of a meritorious defense. Ehrlinger, supra. We thus conclude that the trial court erred in finding no meritorious defense was presented.
Plaintiff has also raised the question on appeal concerning the prejudice to this cause if this judgment were vacated. Plaintiff does not claim that prejudice would result in a subsequent trial by reason of his inability to now present an adequtae case. Rather the prejudice plaintiff speaks of concerns the possibility he may have to pay the back rent if he loses in a subsequent trial. That is a possibility any litigant faces and is no reason for refusing to vacate a judgment erroneously entered.
Judgment reversed with directions that a new trial be held on all issues.
SILVERSTEIN, C. J., and DWYER, J., concur.