Plaintiff-appellee commenced this independent equitable action seeking to *Page 322 
set aside a default judgment which had been taken against him by appellant, Keller. That judgment was entered more than six months prior to commencement of the instant action. Keller appeals from a judgment setting aside the prior default judgment. We affirm.
The essential facts are not in dispute. On November 4, 1970, appellant Keller brought suit against appellee Dudley and others seeking to recover upon a promissory note and for breach of contract. Service of process was obtained upon all defendants in that action. During the period of time between November 24 and December 29, 1970, Dudley's then counsel filed various motions, including a motion for extension of time in which to answer Keller's complaint. Although motion for extension of time was granted, no answer was filed by Dudley's counsel. Subsequently Keller's counsel sent notices to each opposing counsel of his intention to seek a default judgment against Dudley at a hearing to be held on January 19, 1971. Dudley's counsel failed to appear, and, as a result, a default judgment in the amount of $50,000 was ultimately entered against Dudley on January 27, 1971.
Subsequent to the entry of judgment against Dudley, his co-defendants executed new promissory notes for portions of the original debt and were, by stipulation, dismissed as defendants in the original action.
Dudley, in the instant case, testified that he had retained counsel following service of summons and that he had kept in touch with his counsel regarding the pending litigation and had relied upon counsel to proceed on his behalf. He further testified that he had received no notice of the hearing on the default judgment from his then counsel and that he had been unaware of the entry of the default judgment against him until July of 1971, when he was notified that his bank account had been attached upon an execution issued pursuant to the default judgment. He immediately employed new counsel and commenced the instant action.
[1,2] The propriety of an independent equitable action to afford relief from a prior judgment has long been recognized in Colorado, see Jotter v.Marvin, 63 Colo. 222, 165 P. 269, and is expressly permitted under the *Page 323 
provisions of C.R.C.P. 60(b). Such an action seeks to invoke the court's inherent power "to prevent the use of a judgment at law by one who had obtained it against conscience." 7 J. Moore, Federal Practice ¶ 60.36 (2d ed.) An independent action may provide remedies in addition to those afforded under C.R.C.P. 60(b), see Caputo v. Indemnity Co., 41 F.R.D. 239, and is not restricted by the six month time limitation imposed on motions made under sub-sections (1) and (2) of C.R.C.P. 60(b) or the reasonable time requirements imposed upon motions made under sub-sections (3), (4), and (5) of that rule.[1]
[3] We note in passing that an independent equitable action permitted under C.R.C.P. 60(b) is a direct attack on a prior judgment. Hammell v.Britton, 19 Cal. 2d 72, 119 P.2d 333; see 1B J. Moore, Federal Practice
¶ 0.407. (2d ed.) It is thus not subject to the restrictions imposed on "collateral attacks" in which the validity of a judgment is questioned as an incident of a proceeding held for some other purpose. See Intermill v.Nash, 94 Utah 271, 75 P.2d 157. For an example of collateral attack, seeDeBoer v. District Court, 184 Colo. 112, 518 P.2d 942.
[4] Although there is a dearth of cases relating to independent *Page 324 
equitable actions, generally the determination of whether to vacate or set aside a default judgment has been held to be within the sound discretion of the trial court. Coerber v. Rath, 164 Colo. 294, 435 P.2d 228; Connell v.Continental Casualty Co., 87 Colo. 573, 290 P. 274. However, the discretion of the court in considering any application to vacate a default is controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to serve and not to impede or defeat, the ends of justice. Gumaer v. Bell, 51 Colo. 473, 119 P. 681.
[5] The essential criteria upon which relief may be granted in such an action contemplated by C.R.C.P. 60(b) have been stated as follows: 1) That the judgment ought not, in equity and good conscience, be enforced; 2) that there can be asserted a meritorious defense to te cause of action on which the judgment is founded; 3) that fraud, accident, or mistake prevented the defendant in the action from obtaining the benefit of his defense; 4) that there is an absence of fault or negligence on the part of the defendant; 5) and that there exists no adequate remedy at law. Bankers Mortgage Co. v.United States, 423 F.2d 73 (5th Cir.); National Surety Co. v. State Bank,120 F. 593 (8th Cir.); Dunham v. First National Bank, 86 S.D. 727,201 N.W.2d 227.
 I.
The parties have stipulated that Dudley could have asserted a meritorious defense, and obviously Dudley's former counsel's failure to act properly prevented Dudley from obtaining the benefit of that defense. Appellant argues, however, that the other criteria have not been met. He first notes that the trial court expressly found that the default judgment came about as a result of the "inexcusable neglect" on the part of the appellee's former counsel. He then urges that under Colorado law, counsel's negligence is imputed to his client, and that such negligence should bar appellee's relief from default.
[6] Colorado law is to the contrary. "Gross negligence on the part of counsel resulting in a default judgment is considered excusable neglect on *Page 325 
the part of the client entitling him to have the judgment set aside."Temple v. Miller, 30 Colo. App. 49, 488 P.2d 252; accord, Coerber v.Rath, supra. Here, there is no evidence that appellee was negligent in failing to follow the litigation and prevent the default judgment. To the contrary, appellee kept in touch with his then attorney as to the progress of the case. As soon as he became aware of the judgment, he obtained new counsel and sought vacation of the default. We find no abuse of discretion in the trial court's ruling on this issue.
 II.
[7] Again relying upon the former counsel's "inexcusable neglect," appellant contends that appellee has an adequate remedy at law, in the form of a damage action against the former counsel. However, appellee seeks an opportunity to defend against appellant's suit, not merely reimbursement for the money expended to satisfy the judgment. Any potential monetary liability of former counsel, assuming the same can be satisfied, may well be insufficient to relieve defendant from all of the effects of the former judgment. In addition, an adequate remedy at law must exist against the same person from whom the relief in equity is sought in order to bar the equitable action. Hill v. Hill, 185 Kan. 389, 345 P.2d 1015. Therefore, a separate legal action against appellant's former counsel is not an adequate remedy at law. See Dunham v. First National Bank, supra.
Appellant contends that it would inequitable to set aside the default judgment because of appellant's reliance upon it over a lengthy period of time. The equities relating to this argument are solely within the discretion of the trial court. See Coerber v. Rath, supra. We find nothing in the record to indicate that the trial court abused that discretion.
The other assertions of appellant are without merit.
Judgment affirmed.
CHIEF JUDGE SILVERSTEIN and JUDGE RULAND concur.
[1] C.R.C.P. 60(b) provides, in part, as follows: "This Rule does notlimit the power of a court; (1) To entertain an independent action torelieve a party from a judgment, order, or proceeding, or (2) to setaside a judgment for fraud upon the court; or (3) when for any cause, the summons in an action has not been personally served within or without the state on the defendant, to allow, on such terms as may be just, such defendant, or his legal representatives, at any time within six months after the rendition of any judgment in such action, to answer to the merits of the original action. (emphasis added) Although the six month requirement at the end of this sentence may appear to apply to the independent action, a careful reading of this sentence, particularly in light of the placement of the semicolon, clearly indicates that the six month time limitation applies only to proceedings instituted to vacate a judgment entered against defendants not personally served in the original action. *Page 326