## No. 26629

**CF&I Steel Corporation, a Colorado corporation v. Richard D. Robb, District Judge for the District Court in and for the Tenth Judicial District of the State of Colorado**

(533 P.2d 491)

Decided March 31, 1975.

Rector, Melat & Wheeler, P.C., for petitioner.

Branney & Griffith, Criswell & Patterson, Albert E. Zarlengo, Jr., for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This original proceeding arises under a petition for a writ in the nature of prohibition wherein it is sought to have a default order set aside. We issued a rule to show cause why the requested relief should not be granted. The case is now at issue, and we make the rule absolute.

Richard B. Casaus was an employee of a subcontractor, which was acting under a construction contract upon premises of the petitioner CF&I Steel Corporation (called CF&I). While Casaus was at work on the premises, there was an accident in which molten metal caused his death. The surviving spouse and minor children brought action against CF&I, asking for damages in the amount of $1,500,000.

Service of the summons and complaint was made upon CF&I's registered agents for service of process in Denver on April 29, 1974. An appearance, therefore, was due in the case on May 20, 1974. On the 8th or 9th of May the summons and complaint reached the office of the attorney who was to represent CF&I in the case.

Upon motion filed on May 22nd, apparently between 10:00 and 11:00 a.m. the court ordered entry of default and it entered a default judgment, setting down for hearing the amount of damages on June 19, 1974. The date for this hearing was continued and it has not been held. At about 2:00 o'clock p.m. on May 22nd the attorney for CF&I went to the office of the clerk of the trial court and caused to be filed in the case a motion to strike

portions of the complaint, accompanied by a supporting brief. Before making the filing, the attorney inquired as to matters which had been filed in the case, and was advised that nothing had been filed except the original complaint and return of the summons. The attorney learned about the default about a week later. On May 28th the plaintiffs filed a motion to strike the motion to strike for the reason that it was filed subsequently to the entry of the default judgment.

On June 12th CF&I's counsel filed a motion to set aside the default judgment and tendered an answer. Accompanying the motion to set aside was the attorney's affidavit, which set forth the attorney's heavy schedule of appearances in litigation matters and conferences which, he asserted, caused him to be two days late in entering an appearance. There is no question but that this attorney and his firm have a large and substantial law practice and that during the time in question he was under very heavy pressure. This, however, does not constitute excusable neglect on *his* part.

In the answer, in addition to admissions and denials, CF&I alleged the five following affirmative defenses:

1. Decedent's death resulted from the negligence of a supplier of scrap metal.
2. Decedent assumed the risk involved.
3. Decedent's death resulted from the negligence of his employer.
4. Decedent was contributorily negligent.
5. Decedent's employer was contractually bound with its insurer to pay any judgment rendered against CF&I.

The respondent judge denied the motion to set aside the default judgment for the reasons that excusable neglect was not shown and that there were not set forth sufficient facts to indicate that CF&I had a meritorious defense.

On July 18, 1974 the attorney representing CF&I withdrew from the case and simultaneously CF&I's present counsel appeared. New counsel filed a supplementary motion. This motion contains an additional defense pertaining to the Colorado Workmen's Compensation Act, and, for the first time, raised the question of jurisdiction of the court to enter judgment. Briefly, CF&I pleaded that the plaintiff's exclusive remedy falls under the Col-

orado Workmen's Compensation Act and that the respondent court is without jurisdiction.

We have a strong and abiding conviction that under the circumstances of this case CF&I should have its day in court. We believe that we are not proceeding contrary to the rulings and spirit of any of the opinions of this court and the Colorado Court of Appeals.[1]

It was stated in *Coerber v. Rath,* 164 Colo. 294, 435 P.2d 228 (1967):

"It is true, as previously noted, that motions to vacate default judgments are addressed to the sound discretion of the trial court, but we have never hesitated to overrule a trial court where that discretion has been abused. *Burlington Co. v. Fort Morgan Co.,* 59 Colo. 571, 151 P. 432. Of course, one against whom a default judgment has been entered must allege a meritorious defense to the plaintiff's claim, otherwise there is a failure to show good cause.

"In the instant case the defendants had alleged a meritorious defense; the case was at issue before the entry of the default judgment. From the foregoing factual recitation it is clear that defendants' counsel was negligent. That neglect was the primary cause for the defendants' failure to answer the interrogatories. Counsel's neglect was inexcusable but, under the circumstances here, this neglect should not be imputed to the defendants."

In *F&S Construction Co. v. Christlieb,* 166 Colo. 67, 441 P.2d 656 (1968), it was stated:

"A motion to set aside a default judgment should be considered in a manner calculated to promote substantial justice. *Walker v. Associates Loan Co.,* 153 Colo. 261, 385 P.2d 421. Where the

---

[1]In addition to those cases quoted in the opinion, we have also studied the following cases which were cited in the briefs: *Gumaer v. Bell,* 51 Colo. 473, 119 P. 681 (1911); *Burlington Ditch Co. v. Fort Morgan Co.,* 59 Colo. 571, 151 P. 432 (1915); *Beyer v. Petersen,* 92 Colo. 462, 21 P.2d 1115 (1933); *Browning v. Potter,* 129 Colo. 448, 271 P.2d 418 (1954); *Burr v. Allard,* 133 Colo. 270, 293 P.2d 969 (1956); *Riss v. Air Rental,* 136 Colo. 216, 315 P.2d 820 (1957); *Ehrlinger v. Parker,* 137 Colo. 514, 327 P.2d 267 (1958); *Moskowitz v. Michaels,* 29 Colo. App. 44, 477 P.2d 465 (1970); *Temple v. Miller,* 30 Colo. App. 49, 488 P.2d 252 (1971); and *Farmers Insurance Group v. District Court,* 181 Colo. 85, 507 P.2d 865 (1973).

motion has been promptly made and a prima facie meritorious defense is shown, this Court had not hesitated to find abuse of discretion in a court's refusal to set aside a default judgment, particularly in cases where the defendant had no actual notice of the suit, or of the trial.''

It was written in *Dudley v. Keller,* 33 Colo. App. 320, 521 P.2d 175 (1974):

''[G]enerally the determination of whether to vacate or set aside a default judgment has been held to be within the sound discretion of the trial court. *Coerber v. Rath,* 164 Colo. 294, 435 P.2d 228; *Connell v. Continental Casualty Co.,* 87 Colo. 573, 290 P. 274. However, the discretion of the court in considering any application to vacate a default is controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to serve and not to impede or defeat, the ends of justice. *Gumaer v. Bell,* 51 Colo. 473, 119 P. 681.''

■ We have given no consideration to whether CF&I may ultimately prevail under any of its defenses. We simply hold that this is a case in which the ends of justice require that it be permitted to assert all the defenses that it has tendered thus far.

The ruling is made absolute with directions to the respondent court that the default judgment be vacated, the amended answer filed on July 18, 1974 be recognized, and that proceedings in the case continue.

MR. CHIEF JUSTICE PRINGLE dissents.

MR. CHIEF JUSTICE PRINGLE dissenting:

While I would set aside the default and allow the case to proceed under the answer originally tendered, I dissent because this court has gone too far in directing that CF&I has the right to attempt to defend under the fifth affirmative defense tendered much later on July 18, 1974. I would direct, as a condition of setting aside this default, the requirement that CF&I be bound by the answer it originally tendered.