**The PEOPLE of the State of Colorado, In the Interest of: C.A.W., A Child,**

**Upon the Petition of: B.W.A., Petitioner-Appellee,**

**and**

**Concerning: G.N., Respondent-Appellant.**

**No. 81CA0909.**

Colorado Court of Appeals, Div. III.

Sept. 16, 1982.

Rehearing Denied Oct. 21, 1982.

Certiorari Denied Feb. 22, 1983.

Max P. Zall, City Atty., Bruce E. Turner, Asst. City Atty., Denver, for petitioner-appellee.

Robert T. Page, Denver, for respondent-appellant.

KIRSHBAUM, Judge.

Defendant, G.N., appeals the trial court's denial of his motion to vacate judgment in this paternity action. We reverse.

The following undisputed facts are disclosed by the record. On December 19, 1977, plaintiff, C.A.W., by B.W.A. (the mother) as next friend, filed a complaint against defendant in the Denver Juvenile Court for determination of paternity pursuant to § 19–6–101, et seq., C.R.S.1973. Defendant answered, denying the allegations in the complaint. At the time, defendant was not represented by counsel.

On January 19, 1978, the mother executed an affidavit stating that she wished to "drop the paternal suit filed against" defendant. The mother delivered this affidavit to defendant.

On January 7, 1980, the mother, through her attorney, filed a motion to join an additional party. This motion averred that the additional party was "the presumed father of the child C.A.W." Upon receiving a copy thereof, defendant consulted with an attorney. The attorney advised defendant that he need do nothing further in the case.

On June 25, 1980, notice was mailed to defendant stating that the case would proceed to trial on August 14, 1980. Defendant was not present on that date, and based solely on the mother's testimony, a juvenile court referee concluded that defendant was the father of C.A.W.

On August 16, 1980, the mother telephoned defendant and advised him of the judgment. Defendant immediately obtained counsel and, on August 22, 1980, filed a motion to vacate judgment pursuant to C.R.C.P. 60(b). After a hearing, the referee found that defendant had received notice of the August 14 hearing, concluded that defendant's failure to appear was not occasioned by excusable neglect, and denied the motion to vacate judgment. On motion to set aside, the trial court affirmed the referee's findings.

Defendant contends that the denial of his motion to vacate judgment [1] constitutes an abuse of discretion. We agree.

We conclude that defendant's reliance upon the mother's verified statement and her pleading averring that a third party was the father of the child, coupled with the advice of an attorney that he need not be concerned about these proceedings, constitutes excusable neglect as a matter of law. *See, generally, Norton v. Raymond,* 30 Colo.App. 338, 491 P.2d 1403 (1971); *Salas v. Cortez,* 24 Cal.3d 22, 593 P.2d 226, 154 Cal.Rptr. 529 (1979). *See also, Coerber v. Rath,* 164 Colo. 294, 435 P.2d 228 (1967). Moreover, the record reveals no basis to conclude that the mother would be prejudiced if defendant's motion were granted. In these circumstances, we conclude that the denial of defendant's motion constituted an abuse of discretion.

The judgment is reversed and the cause is remanded for further proceedings.

SMITH and KELLY, JJ., concur.

1. Throughout their briefs, the parties have characterized the order of August 14, 1980, as a "default" judgment. This action having been set for trial upon notice, the judgment entered was not a "default" judgment pursuant to C.R.C.P. 55, but rather, a judgment pursuant to C.R.C.P. 58. Consequently, the special three-day notice provision of intent to seek default judgment provided by C.R.C.P. 55, contrary to defendant's argument, is not applicable.