MICHAEL SHINN & ASSOCIATES, INC., and Jim Reinhardt, Inc., a Colorado partnership, d/b/a Red Carpet Michael Shinn & Associates, Plaintiffs-Appellees,

v.

A. Joseph DERTINA, Defendant-Appellant,

and

B.J. Sweangen Dertina, Stanley E. Ford, John Giambri, and Carolyn Emery, Defendants.

No. 83CA0852.

Colorado Court of Appeals, Div. II.

Feb. 14, 1985.

Law Offices of Edmund G. Lambert, Edmund G. Lambert, Lakewood, for plaintiffs-appellees.

Frascona, McClow & Joiner, Gerald H. Jaggers, Boulder, for defendant-appellant.

SMITH, Judge.

A. Joseph Dertina, defendant, appeals from an order of the district court denying his motion to set aside default judgment. We affirm.

The facts leading to the default judgment are these. On June 3, 1982, a promissory note (note) was given to "Red Carpet/Michael Shinn" (Shinn) in the amount of $27,600. The note was executed by defendant and four others on behalf of a joint venture and was due December 3, 1982. No payments were made on December 3, but, later in December, defendant and his wife, a co-signer on the note and also a defendant in the suit, met with plaintiff's agent regarding the note. At this meeting, defendant tendered, and plaintiff's agents accepted the sum of $4,000. Plaintiff applied this amount to reduce the interest due on the note and the principal balance.

On January 18, 1983, plaintiff commenced suit for the balance due. Service of process was accomplished upon the defendant as well as upon the other co-makers of the note. No answer was filed by defendant or his wife although two of the other defendants appeared and pled responsively. A default and a subsequent judgment thereon was entered against defendant and his wife on March 9, 1983.

Two months later, on May 11, 1983, defendant filed his verified motion to set aside the default judgment. He alleged that he had a meritorious defense to the action in that the $4,000 payment was made in exchange for an agreement to extend the due date of the note.

Defendant's motion came on for hearing on June 3, 1983. At the hearing, rather than ruling on the motion based on the sufficiency of the allegations therein, the trial court permitted defendant to present and argue his defense. At the conclusion of the hearing, during which both the defendant and the plaintiff presented evidence without limitation, the trial court found and concluded that a meritorious defense had not been established, and thus, declined to set aside the judgment.

I.

Defendant does not argue on appeal that the trial court erred in determining that the evidence did not establish a valid defense, but rather, that the court was required to set aside the default judgment because the allegations in the motion, if proven, would have established a meritorious defense.

In support of his argument, defendant cites *Craig v. Rider*, 651 P.2d 397 (Colo. 1982), and *Temple v. Miller*, 30 Colo.App. 49, 488 P.2d 252, 254 (1971), particularly the statement in *Miller* that:

"A meritorious defense does not have to be proven in the hearing to set aside the judgment. What is necessary is that the defendant allege facts which, if proven true, would alter the judgment entered."

While defendant is correct in asserting that these cases require setting aside a default judgment based on the sufficiency of allegations alone, his argument ignores the purpose of the rule. The reason that a default judgment is set aside, based on allegations of a meritorious defense, is to afford a defendant the opportunity fully to present and argue his defense in the lawsuit.

In the instant case, defendant, by the allegations in his motion, did not deny or dispute the validity of the note, his obligation thereon, or the amount ultimately due thereunder. The only issue on which he sought the right to present evidence was whether there had been a subsequent agreement which extended the due date of the note. On this issue he was afforded a full and complete trial at the conclusion of which the trial court ruled that defendant's defense had not been proven. The trial court, by thereafter denying the motion, reaffirmed the judgment.

Defendant does not allege that he was not prepared for trial or that he was precluded from introducing any evidence on the matter at issue. Thus, we hold that if, as here, a defendant has been afforded a full and fair opportunity to present and argue his defense and if the trial court has ruled on the merits of every issue raised by the defendant, then he has been afforded all of the rights to which he was entitled.

While the rule relative to setting aside a default judgment contemplates setting aside a default judgment and then proceeding to trial on the issues in dispute, and while problems might arise by the trial court truncating that procedure, we conclude that the defendant here was neither prejudiced nor denied any rights to which he was entitled. It would serve no purpose to set aside the default judgment and retry the matter on the merits of the issue already addressed. Thus, denial of the motion was proper.

## II.

Defendant also contends that the trial court should not have entered a judgment against him, based on the default, while the action was still continuing against other defendants who were allegedly jointly and severally liable with him. He cites as authority for this proposition *Frow v. Dela Viga*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872). We do not reach this issue. Inasmuch as defendant has had his trial on the merits, and because consistent judgments have now been entered against all of the defendants in the case, the issue is moot. Issues that have become moot will not be considered on appeal. *Lininger v. City of Sheridan*, 648 P.2d 1097 (Colo. App.1982).

Order affirmed.

BERMAN and VAN CISE, JJ., concur.