**Roger E. AGEE REVOCABLE TRUST Dated March 9, 1990, Plaintiff– Appellee,**

**v.**

**Fred E. MANG and Mildred F. Mang, and all unknown persons who claim any interest in the subject matter of this action, Defendants–Appellants.**

No. 95CA0487.

Colorado Court of Appeals, Div. I.

May 2, 1996.

Duthie & Tate, Harry G. Tate, Durango, for Plaintiff–Appellee.

Bruce M. Kirkpatrick, Durango, for Defendants–Appellants.

Opinion by Judge RULAND.

Defendants, Fred and Mildred Mang, appeal from the judgment quieting title to a parcel of land in plaintiff, Richard E. Agee Revocable Trust. We affirm.

Defendants owned a tract of land that included the disputed parcel designated by the parties as "Tract III." They sold part of their land to plaintiff's predecessor in title. The description contained in the deed was prepared from an unofficial survey plat that inaccurately located the south quarter corner of section 35.

The use of that incorrect corner could have the effect of excluding Tract III from the property conveyed. The deed itself, however, refers to the quarter corner established in the United States Governmental Survey system. *See* Colorado Division of Real Estate, *Colorado Real Estate Manual* 7–1 (1992).

Based upon plaintiff's complaint, the factual issue for determination by the trial court was whether the description in defendants' deed included Tract III. The legal issue presented to the court was whether the doctrine of *res judicata* prevented defendants from seeking to reform their deed so as to exclude Tract III. Following a bench trial, the court resolved these issues in favor of plaintiff.

## I.

▮ Defendants first contend that plaintiff failed to establish a prima facie title in Tract III as required by cases such as *School District No. 6 v. Russell*, 156 Colo. 75, 396 P.2d 929 (1964). Specifically, defendants assert that the testimony of plaintiff's surveyor, who was qualified as an expert, contained contradictions and inconsistencies concerning the proper interpretation of defendants' deed, and thus, such testimony was not credible. Accordingly, defendants in effect assert that the court should have dismissed plaintiff's complaint. We disagree.

▮ In a trial to the court and absent circumstances not present here, the determination whether expert testimony is credible must be resolved by the trial court and not this court. *See Thiele v. State*, 30 Colo.App. 491, 495 P.2d 558 (1972). Plaintiff's expert testified that, based upon his field investigation and a review of the various conveyances in the chain of title, the description in the deed from defendants to plaintiff's predecessor conveyed all of the land they owned in section 35, including Tract III.

Contrary to defendants' contention, the fact that this interpretation and application of the legal description might include land not claimed by plaintiff does not foreclose the trial court from crediting the expert's opinion as to Tract III. Hence, there being evidence in the record to support the court's determination, we may not disturb that ruling on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

## II.

▮ The trial court further concluded that, based upon plaintiff's defense of *res judicata*, defendants were not entitled to relief on their counterclaim for reformation of their deed to exclude Tract III. Defendants contend that this determination was error. Again, we disagree.

In 1987, defendants filed a petition in district court seeking to establish the boundary lines of their land pursuant to § 38–44–101, C.R.S. (1982 Repl.Vol. 16A). Defendants claimed an interest in Tract III and named plaintiff's predecessors in title as respondents in that proceeding. The respondents filed a motion to dismiss supported by an affidavit.

After defendants failed to respond, the trial court granted the motion and dismissed the action with prejudice.

■ *Res judicata* constitutes a complete bar to a second action on the same claim as one that has previously been litigated. The bar extends to all issues actually decided as well as all issues that could have been decided. *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973).

■ As pertinent here, for the doctrine to apply it must appear that in both the former and the present case the parties were the same or were in privity with the parties to the original proceeding. It must also appear that the subject matter of both cases is the same. *City of Westminster v. Church,* 167 Colo. 1, 445 P.2d 52 (1968).

Defendants properly concede that the requirement for identity of parties is satisfied. However, they argue that the subject matter of each proceeding is different because the former case dealt with a statutory proceeding to establish a boundary and this case is a quiet title proceeding brought pursuant to C.R.C.P. 105.

However, defendants conceded at trial that they were in effect seeking to establish title to Tract III in the statutory proceeding and the same objective is involved here. Further, there is no suggestion that a claim based upon C.R.C.P. 105 could not have been included in the prior proceeding. Therefore, the record supports the trial court's ruling on this issue.

■ In the alternative and relying upon cases such as *Coerber v. Rath,* 164 Colo. 294, 435 P.2d 228 (1967) and *Valley Bank of Frederick v. Rowe,* 851 P.2d 267 (Colo.App.1993), defendants contend, in effect, that we should create an exception to the doctrine if, as alleged here, the prior adverse judgment results from the gross negligence of counsel in not properly representing the litigant in question. We decline to do so.

*Coerber* and *Rowe* demonstrate the rule that, under appropriate circumstances, a de-

fault judgment may be set aside pursuant to C.R.C.P. 60(b) if such was the result of attorney incompetence. However, defendants have cited no cases, and we find none, holding that *res judicata* does not apply if the prior judgment was entered because of the incompetence of counsel.

Indeed, the public policy which seeks to ensure that real estate titles are secure and marketable supports application of the doctrine. *See* § 38-34-101, C.R.S. (1995 Cum.Supp.)(public policy requires that court decrees be liberally construed to the end that real estate titles be free of technical defects so that purchasers may rely upon record title).

Therefore, the trial court correctly invoked the doctrine of *res judicata* to preclude defendants from making any claim to Tract III.

The judgment is affirmed.

METZGER, J., and QUINN,* Justice, concur.